**NUNN et al. v. NEW et al.**

No. 12104.

Court of Civil Appeals of Texas. Galveston.

June 30, 1949.

Rehearing Denied July 21, 1949.

Williams & Thornton, Bryan F. Williams and Bryan F. Williams, Jr., all of Galveston, for appellants.

Godard & Dazey and William B. Dazey, of Texas City, for appellees.

MONTEITH, Chief Justice.

This proceeding was brought by relator, Alma W. New, joined by her husband, A. E. New, for a writ of mandamus commanding respondent Kenneth T. Nunn, in his capacity as city secretary of Texas City, to find and certify to the governing body of the City as sufficient under the provisions of the City's charter, a petition filed by relators, and supplements thereto, for an election to recall respondents L. A. Robinson, Bert E. Conely and Charles L. Vance from their offices as mayor and commissioners, respectively, of the City of Texas City.

In a trial before the court judgment was rendered that the recall petitions on file with the city secretary were good and sufficient and that they had been made and filed in compliance with the terms of the City's charter. The court in the judgment rendered ordered that a writ of mandamus issue at once directing respondent Nunn, in his capacity as city secretary, to certify to the city commissioners of Texas City and the officers whose recall was demanded that the recall petition filed by relator was sufficient.

The trial court prepared and caused to be filed his findings of fact and conclusions of law, in which he found, from undisputed testimony, that Texas City is a Home Rule City, and that Paragraph 3 of its charter contains provisions for the recall of municipal officers. The court found that the last preceding city election, at which 2998 electors cast their votes, was held on April 6, 1948, and that L. A. Robinson, Bert E. Conely and Charles L. Vance were elected to the offices of mayor and city commissioners, respectively; that on December 3, 1948, relator Alma W. New, who was a duly qualified elector of the City, had filed with the city secretary an affidavit in compliance with the terms of the charter, demanding the recall of said officers. The court found that the charter of the City provides that recall petitions to be effective must be returned and filed with the city secretary within thirty days after the filing of the affidavit, and that it must bear the signatures of qualified electors to the number of at least fifty per cent of the number of electors who had cast their votes at the last preceding municipal election; that the office of the city secretary had closed at 12:00 o'clock noon, on Friday, December 31, 1948, and had remained closed until Monday, January 3, 1949, and that on Monday, January 3, 1949, relator Alma W. New had returned and filed with the city secretary a petition demanding the recall of said municipal officers containing the signatures of 1,525 persons, of which 1,382 were signatures of qualified electors of the City; that on January 12, 1949, the city secretary had notified the relator Alma W. New that said petition was insufficient, and that relator had promptly requested additional blank petitions for the purpose of filing supplemental petitions as provided in Article 8, Section 3 of the City charter, but that the request was, at that time, refused by the city secretary; that pursuant to an order of court, which was entered without prejudice, the city secretary issued to relator 40 additional petition blanks, which relator returned and filed with the city sec-

retary on January 21, 1949. The court found that such additional petitions bore the signatures of 200 additional persons, and that at least 177 of the signatures were the signatures of qualified electors of the City. The court found that there were recall petitions bearing the signatures of 1,-725 persons, at least 1,559 of whom are qualified electors of the City, then on file in the office of the city secretary, and that said recall petitions were filed in full compliance with the terms of the City's charter as to form.

The trial court concluded as a matter of law that relator Alma W. New had a sufficient interest in performance of the duties imposed upon the city secretary by the City charter to authorize her to bring this action to compel him to certify the sufficiency or insufficiency of said recall petitions. He found that the filing of the original recall petition on January 3, 1949—January 1, 1949, having been a legal holiday, and January 2, 1949, a Sunday, and the office of the city secretary being closed—was timely; that the term "statutes" as used in Rule 4 of Texas Rules of Civil Procedure, promulgated by the Supreme Court and adopted by the Legislature of the State of Texas, encompasses and includes the provisions of a Home Rule Charter of a city in this state, and that this Rule has equal dignity with the statutes of this State in the matters involved herein, and that it was the manifest intention of the people of Texas City to provide for a liberal construction of the terms of the charter relating to recall in adopting the provisions of Article VIII and that portion of Article V, Section 4, of the City charter, which provides: "If a majority of such votes be for the recall of the member indicated on the ballot, he shall, regardless of any defect in the recall petition, be deemed removed from office, * * *."

The trial court concluded that affidavits by signers of recall petitions withdrawing their names from the petitions must be filed within the time limit in which the recall petition may be filed with the city secretary and that, the city secretary having made such certificate on January 12, 1949, the withdrawal affidavits filed after January 22, 1949, could not be counted as withdrawals in determining the sufficiency of the recall petition as amended. The court found that said recall petitions bore signatures of electors of the City in excess of fifty per cent of the number of the electors of the City who had cast their votes at the last preceding regular municipal election; that the recall petition as amended was sufficient, and that it was the mandatory duty of the city secretary to certify to the commission that the recall petition was sufficient and to, at once, notify the members whose removal is sought of such action.

The Charter of the City of Texas City provides, in substance, that any elector of the City may make and file with the city secretary an affidavit containing the name or names of any member or members of the Commission whose removal is sought, and a statement of the grounds for the recall, and that the city secretary shall thereupon deliver to the elector making such affidavit blank petitions demanding such removal, with his signature and official seal attached thereto, and that they shall be dated and addressed to the Commission and shall indicate the name of the member or members whose removal is sought. The Charter provides that, to be effective, such a petition must be returned and filed with the secretary within thirty days after the filing of the affidavit, and that it must bear the signatures of electors of the City to the number of at least fifty per cent of the number of electors who had cast their votes at the last preceding regular municipal election, and that it shall be the duty of the secretary, within ten days after the filing of such petition with him, to determine whether the petition is properly attested and whether it is signed by a sufficient number of electors. It provides that if he determine the petition to be insufficient he shall notify the petitioners of that fact and that if a certificate of insufficiency is made by the secretary, the petition may be amended by the filing of a supplementary petition upon additional papers, signed and filed as provided, and that the secretary is thereupon required, within five days, to examine the amendment, and, if he finds the petition to be still insufficient, he is required to so notify the petitioners. The Charter provides that a petition found by the secre-

tary, either in the first instance, or as amended, to be sufficient, shall be by him thereupon submitted to the Commission with his certificate as to its sufficiency and that he shall notify the member whose removal is sought of such action.

Respondents, in their points of appeal, present their two main contentions why the recall petition under consideration was and is ineffective. They contend that Rule 4, Texas Rules of Civil Procedure, was enacted to govern procedure in the courts of this State and that the term statute as used in the rule is not applicable to the provisions of a home rule charter of a municipality relating to the recall of municipal officers. They contend that the court erred in holding that the withdrawal of their signatures by signers of the recall petition made after January 22, 1949, could not be considered in determining the number of signatures of qualified electors subscribed to the petition.

Rule 4, T.R.C.P., reads: "In computing any period of time prescribed or allowed by these rules by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday."

Rule 1, T.R.C.P., in outlining the objective of the Texas Rules of Civil Procedure, reads: "The proper objectives of rules of civil procedure is (are) to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction."

Rule 2, T.R.C.P., provides that: "These rules shall govern the procedure in the justice, county, district, and appellate courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated. * * *"

While the exceptions enumerated in the latter part of said Rule 2 do not specifically include the issues presented in this appeal and the courts of this state have not spoken precisely upon the facts here involved insofar as we have been able to ascertain, except by way of analogy, the uniform rule announced by the text writers and supported by the weight of authority from this and other jurisdictions is that in ascertaining the purpose of a legislative act the meaning of the words and the language used may be interpreted in a manner consistent with the public policy of the State and in such a way as to give it the meaning which effectuates the manifest purpose of the enactment. State v. Standard Oil Co. et al., 130 Tex. 313, 107 S.W.2d 550.

In the case of Smirl v. Globe Laboratories, 144 Tex. 41, 188 S.W.2d 676, 678, the Supreme Court of this State, in outlining the objectives of the Texas Rules of Civil Procedure, speaking through Chief Justice Alexander, said: "The object of the new rules is 'to obtain a just, fair, equitable and impartial adjudication of the rights of litigants', Rule 1, and where this can be done without doing violence to the rules or injustice to the rights of the parties, it is the duty of the court to do so. In Texas Employers' Ins. Ass'n v. Evans, 117 Tex. 113, 123, 298 S.W. 516, 520, this Court said: 'The office of a rule of procedure is to facilitate, rather than hinder, a speedy and final determination of all law suits in that way which will secure to litigants their substantial rights and to promote the peace and good order of the state.'

"This Court has always held that where a practice is established by a rule of court it is competent for the court so to adapt its exercise as to prevent any particular oppression and to make it yield to the particular circumstances of the case."

The case of John P. King Mfg. Co. v. Augusta, 277 U.S. 100; 48 S.Ct. 489, 490, 77 L.Ed. 802, involved the question of whether an ordinance of the City of Augusta was a statute. The Supreme Court of the United States, in holding an ordinance was a law or regulation affecting people, and that it was as much a statute as a legislative en-

actment, said: "But whether this power be exercised in one form or another, or by one agency or another, the enactments put forth, whether called constitutional provisions, laws, ordinances, or orders, are in essence legislative acts of the state. They express its will, and have no force otherwise."

The rule announced in the case of John P. King Mfg. Co. v. Augusta, supra, was followed by the Supreme Court of the United States in the case of Jamison v. State of Texas, 318 U.S. 413, 63 S.Ct. 669, 87 L.Ed. 869, which involved the question as to whether an ordinance passed by the City of Dallas was a statute of any state.

The very recent case of Union National Bank of Wichita, Kansas, v. Lamb, 337 U.S. 38, 69 S.Ct. 911, 912, involved the question as to whether a statute limiting the time for an appeal to 90 days was enlarged if the 90th day fell on Sunday. The Supreme Court in its opinion said: "There is a contrariety of views whether an act which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on Sunday. Thus Street v. United States, 133 U.S. 299, 10 S.Ct. 309, 33 L. Ed. 631, treating Sunday as a dies non under a statute which authorized the President to transfer army officers from active duty and to fill vacancies in the active list on or before January 1, 1871, allowed the action to be taken on the following day. We think the policy of that decision is applicable to 28 U.S.C. § 2101(c), 28 U.S.C.A. § 2101(c). Rule 6(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely. That rule provides the method for computation of time prescribed or allowed not only by the rules or by order of court but by 'any applicable statute.' Since the rule had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to 28 U.S.C. § 2101(c), 28 U.S.C.A. § 2101(c)."

Rule 4, T.R.C.P., has as its source Federal Rule 6(a), of which it is a duplicate with the exception of the omission of the Federal provision excluding intermediate Sundays or holidays when the period of time is less than seven days and the Federal reference to half holidays.

In the case of Pearl Assurance Company, Ltd., v. Williams, Tex.Civ.App., 167 S.W.2d 808, 810, the Ft. Worth Court of Civil Appeals, in construing certain of the rules of civil procedure, said: "* * * These Rules have the dignity of statutory provisions and must be observed as such. Like statutes, they must be carefully interpreted and applied. It is not optional with trial or appellate courts to disregard them because they do not meet the approval of such court. They are designed to obtain, a just, fair, equitable and impartial adjudication of the rights of litigants under established principals of substantive law. Little less can be said of any wholesome law."

Decisions from other jurisdictions dealing with the question here presented, with few exceptions follow substantially the same line of reasoning as adopted by our courts.

In the case of Fulghum v. Baxley et al., Tex.Civ.App., 219 S.W.2d 1014, in an opinion handed down on June 7, 1949, the Dallas Court of Civil Appeals held that Rule 4, T.R.C.P., did not extend the time for the filing of damage suits until Monday when the last day under the two year statute of limitations was on Sunday for the reason that the statute limiting the time for filing actions of that character had not been repealed. The Fulghum case is, we think, distinguishable from the case at bar for the reason that while the provisions of a home rule charter are of equal dignity with statutes they are not parts of a "substantive law" which are expressly excluded from repeal under the provisions of Article 1731a, Vernon's Ann.Tex.Civ. St.

In the case of State ex rel. Hunzicker v. Pulliam, 168 Okl. 632, 37 P.2d 417, 422,

96 A.L.R. 1294, the Supreme Court of the State of Oklahoma, in construing a referendum petition on a City ordinance which had not been filed within 30 days from the filing of an affidavit held that the filing of the petition was timely when filed on July 10th, when the 30th day, July 9th, was on Sunday. The Court in its opinion said: "The question we shall now determine is, Was the filing of the petition on July the 10th within time? The last day for filing such referendum petition under the provisions of the city charter fell on Sunday, and the same were filed on the Monday following. Section 22 of Chapter 1, O.S. 1931 [12 O.S.1941 § 73], provides that: 'The time within which an act is to be done, shall be computed by excluding the first day, and including the last; if the last day be Sunday, it shall be excluded.' "

In the case of English v. Williamson, 34 Kan. 212, 8 P. 214, the Supreme Court of the State of Kansas held that as September 4, 1881, was Sunday, the owner of the land had the right to redeem his land from taxes up to and including September 5, 1881.

It is undisputed in this record that the office of the city secretary of Texas City was closed at noon on Friday, December 31, 1948, which was the 28th day of the thirty-day period within which, under the City's charter, the recall petition might be filed with the city secretary and that it remained closed continuously until January 3rd, 1949.

Since, under Article 1731a, the Supreme Court was vested by the Legislature with power to make laws which do not abridge, enlarge or modify the substantive rights of any individual, it was, we think, the intention of the Court in promulgating the rule and the intention of the Legislature in enacting the legislation, to create a general rule for the construction of all procedural statutes, and that it governs the provisions of the Charter of Texas City under consideration in this appeal.

Appellants' contention that the trial court erred in excluding the withdrawal affidavits filed after January 22, 1949, the final date within which the amended petition could be filed, cannot be sustained.

In the case of Texas Power & Light Company v. Brownwood Public Service Co., Tex.Civ.App., 87 S.W.2d 557, the Austin Court of Civil Appeals, speaking through Chief Justice McClendon, under a state of facts similar to the facts in the instant case, held that the request for the withdrawal of the names came after the expiration of the time within which the petition might be filed, and that since the time for adding the names had expired, the time for the withdrawal of names should cease at the same time, and that otherwise there would be no way of getting an honest expression of the will of the citizenship upon a particular question.

The judgment of the trial court is in all things affirmed.