KENNETH THOMAS NUNN ET AL V. ALMA W. NEW ET VIR.

No. A-2384. Decided January 4, 1950.
Rehearing overruled February 8, 1950.
(226 S. W., 2d Series, 116.)

444

*Williams & Thornton* and *Bryan F. Williams,* all of Galveston, for petitioners.

The Court of Civil Appeals erred in ruling that the recall petition filed with the Secretary of Texas City was filed within the time prescribed by the Charter of Texas City which fixes the time in which such petitions should be filed. Also in its holding that the Rules of Civil Procedure (4) is applicable to and governs the charter of said city in prescribing the period of time in which petitions for the recall of city officials shall be filed. Hanover Fire Ins. Co. v. Shrader, 89 Texas 35, 33 S. W. 112; Fulghum v. Baxley, 219 S. W. (2d) 1014; Long v. Martin, 112 Texas, 365, 247 S. W. 827.

*Godard & Dazey* and *William B. Dazey,* all of Texas City, for respondents.

In many states there are statutes providing that when the last day on which an act is to be performed falls upon a Sunday or legal holiday, that day is to be excluded in computing

time, and such rule applies to the construction of statutes as well as matters of practice. Union Natl. Bank of Wichita, Kansas, v. Lamb, 337 U. S. 38, 69 Sup. Ct. 911, 93 Law Ed. 888; 52 Am. Jur. 346.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Respondent, Mrs. Alma W. New, joined by her husband, A. E. New, brought this suit against Kenneth W. Nunn in his capacity as City Secretary of Texas City to compel him, by mandamus, to find and certify to the governing body of the city that a petition filed with him as Secretary for an election to recall from their offices L. A. Robinson, Mayor, and Bert E. Conely and Charles L. Vance, Commissioners of the City of Texas City, Texas, was sufficient under the provisions of the city's charter. Robinson, Conely, and Vance were made parties defendant. The trial court ordered that the writ of mandamus issue as prayed for, and its judgment was affirmed by the Court of Civil Appeals. 222 S. W. (2d) 261.

The undisputed testimony established these facts: That Texas City is a home rule city; that its charter contains provisions for the procedure by which municipal officers may be recalled; that Mrs. New was a duly qualified elector of the city, that on December 3, 1948, she filed an affidavit with the City Secretary, complying with the city's charter, demanding the recall of Robinson, Conely, and Vance; and that on January 3, 1949, thirty-one days after the filing of the affidavit, there was filed with Nunn, as Secretary, a petition upon the forms which he had delivered to Mrs. New when the affidavit was filed with him. The controlling question for decision is whether or not the petition was filed in time to make it effective.

The city's charter provides: "The recall petition to be effective must be returned and filed with the Secretary within thirty days after the filing of the affidavit, * * *." Saturday, January 1, 1949, was a legal holiday and the day following, January 2nd, was Sunday. The office of the City Secretary was closed at noon on Friday, December 31, 1948, but no attempt was made to file a recall petition on that date, and the closing of the office did not prevent its being filed.

■ The rule has long been firmly established in this State that where a statute requires that an act be done within a specified time, such as that specified here, the last day will not be excluded and the length of time thereby extended when that day

falls on a legal holiday or Sunday, unless the statute so pro-provides. Burr v. Lewis, 6 Texas 76; Hanover Fire Insurance Co. v. Shrader and Rogers, 89 Texas 35, 33 S. W. 112, 30 L. R. A. 498, 59 Am. St. Rep. 25; Fidelity & Casualty Co. of New York v. Millican, 115 S. W. (2d) 464, error refused. The charter of Texas City contains no provision for extending the time for filing a recall petition when the last day for such filing is a legal holiday or Sunday.

■ The point was made in oral argument on submission, as we understood counsel, that other provisions of the charter extended the time for filing the petition. One provision relied upon is: "Within ten days after a petition is filed, the City Secretary shall determine whether each paper of the petition is properly attested and whether the petition is signed by a sufficient number of electors." That provision is followed in the charter by a provision that, if the Secretary certifies to the insufficiency of the petition, he shall set forth in his certificate the particulars in which it is defective, and that within ten days thereafter the petition may be amended. These provisions do not relate to the time within which the petition may be filed. That matter is governed by the prior provision of the charter above quoted, to the effect that to be effective it must be filed within thirty days after the filing of the affidavit. The Secretary's duty is to examine the petition for defects which may be corrected. The failure to file in time is not a defect which may be corrected in any manner except by the filing of a new petition under the terms of the charter. We must conclude, therefore, that the recall petition was filed too late, unless, as held by the courts below, Rule 4 of Texas Rules of Civil Procedure is applicable to recall election proceedings in home rule cities. That rule reads as follows:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday."

This court, in promulgating rules or civil procedure, was not attempting to prescribe rules for the government of any procedure except that pertaining to judicial proceedings. It was acting under a statute which conferred upon it the authority to promulgate rules of practice and procedure in civil actions only. The Act conferring upon and relinquishing to this court

full rule-making power (Acts of 46th Legislature, 1939, page 201, Vernon's Civil Statutes, Article 1731a) invested the court with full rule-making power in "the practice and procedure in civil actions." In the first section of that Act the intent was expressed to confer upon this court full rule-making power in "civil judicial proceedings." Acting upon the authority of that statute, this court, in Rule 2, defined the scope of the rules in this language:

"These rules shall govern the procedure in the justice, county, district, and appellate courts of the State of Texas in all actions of a civil nature, * * *."

This is an express limitation of the scope of the Rules of Civil Procedure to civil actions in courts. The filing of a petition for the recall of city officials in a home rule city under the powers conferred in the charter of such city is not a civil action, and is, therefore, not regulated by the Rules.

■ It is argued that unless Rule 4 is given the construction contended for by respondents, the language of the rule, "or by any applicable statute," has no field in which to operate; that the language must be given some meaning; and that the Legislature intended it to apply to a situation like that presented here. We cannot adopt this view. The quoted language is not meaningless. Rule 2 enumerates certain proceedings in civil actions which were still to be regulated by statute rather than by court rule. Proceedings for the collection of taxes were regulated by statute until long after Rule 4 was promulgated. That rule applies to statutes of that nature. By "applicable statute" is meant a statute prescribing the time within which an act is to be done in connection with a civil action wherein the procedure is regulated by statute. The evident intent of the framers of the rule was to provide for uniformity between civil actions regulated by the rules of civil procedure and those regulated by statute in the method of computing time.

Our conclusion on the questions above discussed renders it unnecessary for us to consider any other question presented.

The judgment of the trial court, awarding the writ of mandamus, and the judgment of the Court of Civil Appeals, affirming the trial court's judgment, are both reversed, and the writ of mandamus is dissolved.

Opinion delivered January 4, 1950.

Rehearing overruled February 8, 1950.