**CITY OF AMARILLO, Relator,**

v.

**Honorable W. M. ADAMS, Respondent.**

No. 7043.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 5, 1960.

Rehearing Denied Jan. 23, 1961.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, J. Hadley Edgar, Jr., Amarillo, of counsel, for relator.

Jack Hazlewood and J. R. Hollingsworth, Amarillo, for respondent.

PER CURIAM.

Relator, the City of Amarillo, has, by original proceedings in this court, sought a writ of mandamus commanding the Honorable W. M. Adams, in his capacity as County Judge of Potter County, to enter a judgment in a condemnation proceedings wherein Relator was Condemner and Thomas R. Kennon, Mary Modena Kennon Carroll and Wayne O. Carroll, her present husband, Respondents, were Condemnees.

The award of the Special Commissioners in the condemnation was filed with the County Court on July 21, 1960. Respondents, Mary Modena Kennon Carroll and her present husband, Wayne O. Carroll, sought to appeal from the commissioners award by filing their objections to the award on August 1, 1960, the 11th day after the entry of the award, the 10th day having fallen on Sunday. Thomas R. Kennon, having not been located for personal service, was cited by publication. An attorney ad litem was appointed to represent him at the Special Commissioners hearing and his "Objections To Award of Special Commissioners" were not filed until August 25, more than a month after the award was filed. The County Judge refused to enter the judgment submitted by Relator on August 2, 1960, which action has prompted the petition for mandamus here under consideration.

The Relators' petition for writ of mandamus is based upon two propositions, the first of which is that no objections to the award were filed within the ten days period required by Sec. 6 of Art. 3266, Vernon's Ann.Tex.Civ.St., and the County Judge has

refused to exercise his ministerial duty to enter judgment in accordance with the award.

The second proposition is that the County Judge erred in refusing to enter the judgment "because Rule 4, T.R.C.P. has no application to eminent domain proceedings unless and until timely objections to the award are filed and the County Judge, in the performance of a mandatory duty, is required to enter judgment in accordance with the Special Commissioners' Award."

Respondents also assert that mandamus is a proper procedure if Relator is correct in its position that the Objections to the Special Commissioners' Award filed by Respondents, the Carrolls, were filed too late. However, as we view the law, we have no jurisdiction to issue the writ requested unless the proceeding in its present stage constitutes a "cause".

Our authority to issue writs of mandamus is not conferred by the Constitution but is found solely within the statutory law of the state. 28 T.J., Mandamus, Sec. 48 p. 601 and cases there cited. Our statutory sources for issuing writs of mandamus are found in Articles 1735a, 1823 and 1824 V.T. C.S. The first just named has to do with our authority, concurrent with the Supreme Court, to issue writs of mandamus against political parties and their officers and has nothing whatever to do with a question such as we are here considering. Art. 1823 gives Courts of Civil Appeals authority to issue writs of mandamus to enforce the jurisdiction of such courts. That article could not be applicable here because we do not have before us an appeal. Accordingly, the article we must look to in order to determine if we have jurisdiction to issue the writ for which we are here petitioned is Art. 1824 V.T.C.S. That article provides:

"Said Courts [Courts of Civil Appeals] or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a *cause,* returnable as the nature of the case may require." (Emphasis added).

The Eastland Court of Civil Appeals in City of Big Spring v. Garlington, County Judge, 88 S.W.2d 1095 has held:

"A cause is a suit, litigation or action; any question, civil or criminal, contested before a court of justice."

"Case and cause are synonyms."

Our Supreme Court has recently held that a civil case is "a proceeding in a court of justice by one party against another for the enforcement or protection of a private right, or for the redress or prevention of a private wrong." Pearson v. State, 315 S. W.2d 935, 937.

The following applicable statutes and rules are included in order that a clearer understanding of the question may be had: Sections 6 and 7 Title 52, Eminent Domain, Art. 3266, provide:

"6. If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as ·in other civil causes in the county court."

"7. If no objections to the decision are filed, within ten (10) days, the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the court and issue the necessary process to enforce the same."

Rule 4, V.A.T.R. provides:

"In computing any period of time prescribed or allowed by these rules, by order of court, *or by any applicable statute,* the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period

so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday." (Emphasis added).

The appurtenant part of Rule 2, V.A.T.R. provides:

"These rules shall govern the procedure in the justice, county, district, and appellate courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated. * * * and where any statute in effect immediately prior to September 1, 1941, and not included in the 'List of Repealed Statutes,' prescribed a rule of procedure in any special statutory proceeding differing from these rules, such statute shall apply."

Relator contends that until and unless an objection to the award of the commissioners is timely filed, the special statutory proceeding can not be converted into a *cause of action* or *cause pending* in a trial court, citing such cases as City of El Paso v. Ward, Tex.Civ.App., 213 S.W.2d 726; City of Big Springs v. Garlington, Tex.Civ.App., 88 S.W.2d 1095; Hardy v. City of Throckmorton, Tex.Civ.App., 62 S.W.2d 1104; Sinclair v. City of Dallas, Tex.Civ.App., 44 S.W.2d 465 (writ refused) in support of such statement. Respondents agree with Relator on this contention and counter with the assertion that the only authority by which Courts of Civil Appeals can issue writs of Mandamus in a case of this nature under the record before us is by virtue of Art. 1824 to "compel a Judge of the District or County Court to proceed to trial and judgment in a cause."

We must therefore determine whether or not the proceedings before us constitutes a "cause". They constitute a "cause" only if Respondents' objections were timely filed, and they were timely filed only if Rule 4 V.A.T.R. applies. If such rule does apply the final day of filing objections was ex-

tended to Monday, August 1, 1960, due to the fact the 10th day fell on Sunday.

Therefore, the basic question to be determined is whether or not Rule 4 V.A.T.R. applies under the facts and circumstances presented in the record before us. All parties take the position, and we think correctly so, that Respondents' objections to the Commissioners' Award was filed too late unless Rule 4 is applicable here.

Art. 3266 V.T.C.S., including Secs. 6 and 7 of that article, was in effect prior to the enactment of our Rules of Civil Procedure and was not included in the "List of Repealed Statutes" when the Rules were promulgated. Such article prescribes a rule of procedure to be followed in Eminent Domain Proceedings. We think it follows that this statute regulates such proceedings by virtue of the wording of Rule 2 V.A.T.R. setting out the scope and limitations of the Rules of Civil Procedure. The question remaining is whether or not computation of time in carrying out Eminent Domain Procedure is to be determined in accordance with Rule 4. We are of the opinion this question has been answered in the affirmative by the Supreme Court in Nunn v. New, 148 Tex. 443, 226 S.W.2d 116, 118. In that case, Chief Justice Hickman used the following language:

"By 'applicable statute' (referring to language in Rule 4) is meant a statute prescribing the time within which an act is to be done in connection with a civil action wherein the procedure is regulated by statute. The evident intent of the framers of the rule was to provide for uniformity between civil actions regulated by the rules of civil procedure and those regulated by statute in the method of computing time."

■ We, therefore, conclude that Rule 4 does apply in the case before us. It necessarily follows that Respondents' objections to the Commissioners' Award were timely filed. Many cases, some of which are cited above, support the conclusion that a timely filing of the objections has the ef-

fect of converting the Special Statutory Condemnation Proceeding into a "judicial action" or "cause". This being a "cause" leads us to the ultimate conclusion that this Court has jurisdiction to issue a Writ of Mandamus under the facts and circumstances before us by virtue of Art. 1824 V.T.C.S.

If we are correct in our conclusion that Rule 4 does apply in this case, the objections of Respondents were timely filed. The County Judge was, therefore, correct in refusing the request of Relator to enter a judgment in accordance with the Award of the Special Commissioners.

The petition for Writ of Mandamus is, therefore, refused.