**STATE of Texas, Appellant,**

v.

**Madison RAYBURN, Judge of the County Court at Law of Harris County, Texas, et al., Appellees.**

No. 7363.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 12, 1961.

Rehearing Denied Dec. 29, 1961.

358

Will Wilson, Atty. Gen., L. P. Lollar, H. Grady Chandler, Joseph G. Rollins, Asst. Attys. Gen., Austin, for appellant.

Dow & Dow, M. Leon Kalvort, Houston, for appellees.

CHADICK, Chief Justice.

This is a mandamus action originating in a District Court of Harris County. Judgment was entered in the trial court sustaining a plea in abatement and dismissing the petition. Such judgment is reversed and judgment here rendered reinstating the petitioner's action for trial on its merits.

The State of Texas is appellant here and the appellees are the respondents named below. The appellees' brief contains the fol-

lowing résumé of the facts and proceedings antecedent to the appeal, and it is adopted for the purposes of this opinion. "Special Commissioners in condemnation proceedings by relator filed their award with the Judge of the County Court at Law of Harris County, Texas, the Honorable Madison Rayburn, on the 8th day of September, 1960. The condemnees, who are the owners of the condemned property, and along with Judge Rayburn, are respondents herein, are K. B. Johnston and wife, Lois Johnston, and E. H. Radcliff and wife, Gertrude Radcliff. Condemnees consulted Dow & Dow, attorneys of Houston, Texas, on Monday, September 19, 1960, and on that day condemnees' objections to the award of the Special Commissioners were filed. The tenth day after the filing of the Special Commissioners' award had fallen on Sunday, September 18, 1960. On November 7, 1960, relator, the State of Texas, filed with Judge Rayburn of the County Court at Law of Harris County, Texas, its motion that he cause the award of the Special Commissioners to be made the judgment of the Court. On December 2, 1960, a hearing was held before Judge Rayburn on the relator's motion, and at the conclusion of this hearing Judge Rayburn announced that the motion to enter the award of the Special Commissioners as the judgment of the Court would be overruled because the objections of the condemnees had been filed within the time permitted by law; and on December 19, 1960, Judge Rayburn made, entered and signed his order to this effect.

"On January 10, 1961, relator complained of Judge Rayburn's ruling that condemnees' objections were timely filed by filing in District Court a petition in mandamus directed against Judge Rayburn and naming condemnees also as respondents, and praying that mandamus issue requiring Judge Rayburn to cause the award of the Special Commissioners to be made the judgment of the County Court at Law. On February 6, 1961, condemnees filed their answer to relator's petition in mandamus and this answer contained a Plea in Abatement with prayer for dismissal of relator's petition. A special hearing on respondent's Plea in Abatement was set for March 3, 1961, and on that day the Judge of the 157th Judicial District Court of Harris County, Texas, at the conclusion of such hearing, announced that the Plea in Abatement to abate relator's petition and dismiss the action would be sustained and granted. An order to that effect was signed by Honorable Phil Peden, Judge of the 157th Judicial District Court of Harris County, Texas, on March 10, 1961. From such order, relator perfected this appeal."

The plea in abatement urged by the respondents in the District Court was based solely on the grounds that the County Judge in the exercise of judicial discretion had determined that the condemnees' objections to the commissioners' award were timely filed and the condemnation suit was currently pending for trial in the County Court.

The briefs and arguments of the parties are in general agreement that the condemnation proceeding in County Court was administrative in character and so remained unless the condemnees' objections were timely filed within the ten day period allowed by Sec. 6,[1] Art. 3266, Vernon's Ann. Tex.Civ.St. They appear to agree that in the absence of timely filed objections the County Judge was under a ministerial duty to record in the minutes and make the commissioners' award the judgment of the County Court as directed by Sec. 7,[2] Art. 3266, V.A.T.S.

---

1. "6. If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

2. "7. If no objections to the decision are filed within ten (10) days, the County Judge shall cause said decision to be recorded in the minutes of the County

The parties' seeming general agreement in this respect is in harmony with the pronouncements of the majority in Pearson v. State, 159 Tex. 66, 315 S.W.2d 935, as these extracts from the majority opinion indicate:

(p. 936). "An action to condemn land is a special statutory proceeding, wholly administrative in nature, at least until the commissioners' decision is filed with the county judge. The course which it takes after the filing of their award is governed by Sections 6 and 7 of Art. 3266, Vernon's Ann. Tex.Civ.Stat., * * *.

(p. 937). "By the express terms of Section 6, the filing of timely objections confers jurisdiction upon the county court to hear and determine the issues in the exercise of its judicial powers. It thus is clear that the proceeding becomes a civil case if objections are filed within the prescribed period, and either party has the right to appeal from a final judgment thereafter entered by the county court. * *

(p. 938). "Section 7 of Art. 3266 requires the county judge, if no objections are filed within ten days, to cause the award to be recorded in the minutes and make the same the judgment of the court. No jurisdiction is conferred upon the court to do anything more than accept and adopt the award as its judgment, and this follows by operation of law and the ministerial act of the county judge. * * *"

In keeping with the law as expressed above and the record in this case, it is apparent that the District Judge's order sustaining the plea in abatement can be sustained only if the condemnees' objections were timely filed. In the absence of timely filing the County Judge was under an obligation to perform the ministerial duty of filing the award in the minutes and making it the judgment of the county court.

The appellees invoke the terms of Rule 4,[3] Vernon's Ann.Texas Rules of Civil Procedure to enlarge the time period prescribed by Sec. 6, Art. 3266 for filing condemnees' objections. Rule 4 governs in the computation of time in civil judicial proceedings in those instances where an act is required or allowed to be done within a specified time by other Rules of Civil Procedure, court orders or applicable statutes. See Nunn v. New, 148 Tex. 443, 226 S.W.2d 116, 117. The case here is not concerned with time specified by a Rule of Civil Procedure or a court order. The inquiry then is whether or not Rule 4 has application for other reasons.

The Pearson case supra makes it obvious that the condemnation proceeding in county court was administrative through the tenth day after the commissioners' award had been filed. The condemnees filed nothing to change its character within that period of time. Nunn v. New, supra says: "The rule has long been firmly established in this State that where a statute requires that an act be done within a specified time * * * the last day will not be excluded and the length of time thereby extended when that [last] day falls on a legal holiday or Sunday, unless the statute so provides." Reference to Sections 6 and 7, Art. 3266 shows no provision saving the sections from the application of the rule quoted. It must be held that the proceeding retained its administrative character at the

Court, and shall make the same the judgment of the court and issue the necessary process to enforce the same."

3. "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday."

time the objections were filed on the eleventh day, and lay outside the purview of Rule 4 as applied to civil judicial proceedings.

The next inquiry then is to determine whether the language "or by any applicable statute" used in Rule 4 might cause the rule to govern procedure in a condemnation proceeding during its administrative phase in county court. Rule 2 excludes from the scope of the Rules of Civil Procedure "* * * any statute in effect immediately prior to September 1, 1941, and not included in the 'List of Repealed Statutes,' [that] prescribed a rule of procedure in any special statutory proceeding differing from these rules * * *", and provides that the statutory procedure shall continue to govern in the special proceedings. The statutes under which this condemnation proceeding was instituted were in effect prior to September 1, 1941, and the procedure prescribed differs from that of the rules. Again, the conclusion is inescapable that Rule 4 did not govern in the proceeding at the time condemnees' objections were filed.

As further reason why Rule 4 should control in this case the appellees point out that the condemnee is deprived of the full ten days allowed by Sec. 6, Art. 3266 when the last day of the period falls on Sunday unless the time is enlarged in accordance with Rule 4, as filing condemnees' objections on Sunday would have the effect of instituting a civil suit on Sunday contrary to the prohibition in that respect contained in Rule 6.[4]

It is not thought that Rule 6 has the effect the appellees urge. In the previous discussions it has been established that condemnation proceedings are of special statutory origin and the procedure of the statute govern over Rules of Civil Procedure during the proceeding's administrative phase. Rule 6 cannot change the express terms of the Sec. 6, Art. 3266. Fitzgerald v. City of Dallas, Tex.Civ.App., 34 S.W.2d 682, 683, wr. ref., shows the distinction between commencing a suit, as contemplated by Rule 6, and the effect of objections to the commissioners' award in a condemnation proceeding, where it is said:

"* * * appellants did not, by the filing of their objections, institute a suit, but only removed the proceedings to condemn their property from the effect of the decision of the special tribunal to a regularly constituted law court to have the damages sustained by reason of the condemnation of their land adjudicated in the county court according to the established forms of regular court procedure."

City of Amarillo v. Adams, Tex.Civ.App., 342 S.W.2d 371, err. dism'd, an original mandamus proceeding filed in the Court of Civil Appeals, is cited by the appellees as authority sustaining the proposition that Rule 4 may be invoked to enlarge the time allowed by Sec. 6, Art. 3266 for filing the condemnees' objections to the award when the tenth day of the period allowed falls on Sunday. The preceding discussion explains why this court does not accede to the appellees' proposition.

The appellees make no concession, but argue that if the court concludes Rule 4 does not enlarge the time for filing objections under the circumstances of the record, that the District Court order of abatement may be sustained upon another ground. That is, that the county judge exercised a judicial discretion in the hearing at which he determined that the objections were timely filed and that entry of a judgment on the award was not proper; in that he decided incidentally all questions concerning the jurisdiction of his court, and assumed to exercise jurisdiction.

4. "No civil suit shall be commenced nor process issued or served on Sunday, except in cases of injunction, attachment, garnishment, sequestration, or distress. proceedings."

There is a significant parallel in the county court procedure following filing of the commissioners' award in the Pearson case, supra, and in this case. In both the county judge held a hearing several weeks after the commissioners' award was filed. In Pearson it was agreed that objections to the award were not timely filed; while here, as previously discussed, there was not a timely filing as a matter of law. The purpose in Pearson was to determine the nature of the judgment to be entered on the commissioners' award. In the present case the purpose of the hearing was to determine whether or not the condemnees' objections to the award were timely filed and the judgment, if any, to be entered. In Pearson it was argued in the Supreme Court as it is here that [159 Tex. 66, 315 S.W.2d 938] "the county court assumed jurisdiction and the proceeding became a civil case when the judge held a hearing." The Supreme Court rejected that argument and concluded that the county judge's hearing did not change the administrative nature of the condemnation proceeding at that stage, nor convert it into a civil case. It said:

"There is nothing which the court, as distinguished from the county judge in his administrative capacity, can hear and determine by the exercise of its judicial powers. * * * This conclusion is inescapable in view of the provisions of Arts. 3266 and 3268 and is also consistent with our holdings * * *."

The county judge's duties with respect to making the commissioners' award the judgment of the county court were ministerial and the hearing held was in an administrative proceeding in which there could be no exercise of judicial discretion. Upon failure to perform this ministerial act required of the county judge by statute the condemning authority was authorized to compel performance by mandamus. See Pearson v. State, supra. The district court in which the mandamus action was filed had jurisdiction to issue the writ. See City of Big Spring v. Garlington, Tex.Civ.App., 88 S.W.2d 1095, N.W.H. The appellees' motion to abate should not have been sustained.

The trial court's order sustaining the plea in abatement and dismissing the appellant's petition is reversed and the appellant's mandamus action in the trial court is reinstated for trial on its merits.

FANNING, J., concurs.

DAVIS, J., dissents.

DAVIS, Justice.

I dissent. The County Court at Law of Harris County entered an order in which it found that it had jurisdiction of the appeal in the condemnation proceeding. Under such finding, until the County Court at law passes upon the condemnation proceeding, there is no jurisdiction in any other court. At the hearing in the District Court, the only thing that was considered was the plea in abatement. The District Court sustained the plea in abatement and dismissed the case. This court has no jurisdiction of the appeal save and except to decide whether or not the District Court was correct. 4 Tex.Jur.2d 242, Sec. 746, and cases cited thereunder.

Condemnation law is "cold-blooded". It allows the taking of one's property for public use. There are certain proceedings through which the public must go. The only recourse by the condemnee is to exercise his right of appeal. In this case, the special commissioners filed their award September 8, 1960. The condemnees had ten days after that date to file notice of their appeal. The tenth day fell on Sunday. Under no theory of reasoning could they have filed their appeal on the tenth day. The statute does not limit them to nine days. Rule 4, V.A.T.R.C.P., provides that in such cases the appeal may be filed on Monday. This, they did. This case is directly in point with City of Amarillo

v. Adams, Tex.Civ.App., 342 S.W.2d 371, err. dism'd. In that case, the condemnees filed their notice of appeal on the eleventh day, the tenth day falling on Sunday. The Court of Civil Appeals held that the notice of appeal was timely filed. With their holding, I agree. The opinion of this court is directly in conflict with the opinion of City of Amarillo v. Adams, supra.

Since the District Court of Harris County did not pass upon the question of whether or not a writ of mandamus should be granted, I think the judgment is entirely correct, and should be affirmed.