THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



May 12, 1965

Honorable Earle D. Garrison                Opinion No. C-439
County Attorney
Baylor County                              Re: Deadline for withdrawal
Seymour, Texas                                 of signatures from petition
                                               for local option election
                                               on sale of alcoholic
Dear Sir:                                      beverages.

        Your request for an opinion is based on the following
facts:

        On March 16, 1965, the County Clerk of Baylor
County issued a petition, as provided in Article 666-32,
Vernon's Penal Code, for a local option election on sale
of alcoholic beverages, to be held in Justice Precinct
No. 3 of Baylor County. This statute requires that the
completed petition be returned and filed within 30 days
after issuance. The petition, containing 28 signatures,
was filed with the County Clerk on April 14, 1965. On
April 26, 1965, after expiration of the 30-day period
but before the Commissioners Court had taken action on
the petition, one of the signers filed an affidavit
requesting that his signature be withdrawn. The number
of signatures required on the petition is 28, and with-
drawal of one signature would render the petition in-
sufficient.

        Your question is whether the signer of a petition filed
under Article 666-32 may withdraw his signature after expiration
of the 30-day period for filing the petition.

        Article 666-32 states in part:

        "* * * When any such petition so issued shall
        within thirty (30) days after the date of issue be
        filed with the Clerk of the Commissioners Court
        bearing the actual signatures of as many as twenty-
        five per cent (25%) of the qualified voters of any
        such county, justice's precinct, or incorporated
        city or town, * * * it is hereby required that the
        Commissioners Court at its next regular session shall
        order a local option election to be held upon the

-2086-

issue set out in such petition. * * *" (Emphasis added.)

In an unnumbered letter opinion of the Attorney General's Office rendered to Honorable Tom Blackwell, County Attorney of Travis County, on September 13, 1956, the following question was asked in regard to a petition filed under Article 666-32: "Once a signature has been properly placed on the petition and the petition filed with the County Clerk, can the signer have his name cancelled?" The opinion stated, without discussion or citation of authority, that a person may withdraw his signature "at any time prior to the time official action is taken on the petition by the Commissioners Court." From our study of the question, we have concluded that this holding was in error insofar as it recognized a right to withdraw after expiration of the time limit for filing the petition.

In Texas Power & Light Co. v. Brownwood Public Service Co., 87 S.W.2d 557 (Tex.Civ.App. 1935), the question before the court was when the right of withdrawal expired with respect to a petition for a referendum election on the granting of a franchise by the city council. Article 1181, V.C.S., required the city council to call an election where a sufficient petition requesting the election was submitted before the date fixed for the franchise ordinance to take effect. Subsequent to that date but before the city council had acted on the petition, a number of signers attempted to withdraw their signatures. The court held that in the absence of a showing of good cause such as fraud or mistake, the right of withdrawal expired upon expiration of the time limit for filing the petition, since it would be unfair to permit withdrawals at a time when additions could not be made. The court distinguished the earlier case of Stahl v. Miller, 63 S.W.2d 578 (Tex.Civ.App. 1933, error ref.), which had used language susceptible of the construction that signatures on a referendum election petition filed under Article 1181 could be withdrawn at any time before the city council acted on the petition. In the Stahl case, the request for withdrawal had been presented to the city council, and the council had acted on the petition, before expiration of the period for filing the petition. Consequently, it had been unnecessary for the court to consider whether a request for withdrawal which came after expiration of the deadline for filing the petition would have been timely.

The Texas Power and Light Co. case was followed in Nunn v. New, 222 S.W.2d 261 (Tex.Civ.App. 1949, reversed on other grounds, 148 Tex. 443, 226 S.W.2d 116). So far as we have been able to find, there have been no other Texas decisions on the question of withdrawal of signatures from an election petition.

We think the holding in the TP&L case is controlling in the present situation, and accordingly we answer your question in the negative.  The opinion rendered by this office on September 13, 1956, is overruled to the extent that it conflicts with this opinion.

## SUMMARY

The signer of a petition for a local option election on the sale of alcoholic beverages may not withdraw his signature from the petition after the 30-day time limit for filing the petition has expired.  Unnumbered Attorney General's opinion dated September 13, 1956, is overruled to the extent of conflict with this opinion.

Yours very truly,

WAGGONER CARR
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:sj:zt

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

J. C. Davis
H. Grady Chandler
W. O. Shultz
Brady Coleman

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone