**SUGAR LAND TELEPHONE COMPANY, Relator,**

v.

**Carl E. RICHARD et al., Respondents.**

**SUGAR LAND TELEPHONE COMPANY, Relator,**

v.

**Charley M. DAVIDSON et al., Respondents.**

**Nos. 1150, 1151.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 2, 1975.

Charles R. Slone, Scherer, Roberts, Slone & Gresham, Richmond, for relator.

Joe S. Powell, Houston, for respondents

TUNKS, Chief Justice.

These cases, both involving the same questions, are original proceedings in this Court by which writs of mandamus are sought by the relator.

On December 31, 1973, Sugar Land Telephone Company, relator, filed petitions for condemnation of certain lands in Fort Bend County owned by Carl E. Richard and others and by Charley M. Davidson and others, respondents. The petitions were filed with Judge Sidney J. Brown, also a respondent, of the Court of Domestic Relations of Fort Bend County, which court has jurisdiction of the matter under the provisions of Vernon's Tex.Rev.Civ. Stat.Ann. art. 2338–22, § 8 (Supp.1975). Judge Brown appointed special commissioners and a hearing was held. The special commissioners filed their awards with Judge Brown on January 29, 1974.

Under the provisions of Tex.Rev.Civ. Stat.Ann. art. 3266 (6) and (7) (1968), the condemnees had until the first Monday following the twentieth day after the awards were filed in which to file their objections thereto. That final day for filing objections in this case was Monday, February 25, 1974. The condemnees did file objections, but they bear the clerk's file mark of February 26, 1974. The relator contends that it, under subdivision 7 of Article 3266, is entitled as a matter of law to have the respondent judge sign a judgment awarding it title to the lands in question and fixing the amount of recovery by condemnees at those amounts awarded by the special commissioners. The condemnees contend that their objections were, in fact, filed within the time allowed by the statute. The condemnor made a motion to Judge Brown asking that he enter judgments in accordance with its contention and Judge Brown refused to do so. By these original proceedings the condemnor asks that this Court issue writs of mandamus ordering Judge Brown to enter the judgments sought by its motion.

The relator's petitions for writs of mandamus are dismissed because this Court has no original jurisdiction to entertain them. The relator relies on the provisions of Tex.Rev.Civ.Stat.Ann. art. 1824 (1964). That statute provides: "Said Courts [of Civil Appeals] or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require." That statute does not give us jurisdiction because, if respondent is correct in his assertion that objections to the awards were not timely filed, the condemnation proceedings never became "causes," that is to say, judicial proceedings. Until the objections were timely filed the condemnation proceedings were administrative proceedings. If the objections were not timely filed, the judge's signing of judgments consistent with the awards of the special commissioners would be the exercise of his administrative duty. Pearson v. State, 159 Tex. 66, 315 S.W.2d 935 (1958). Article 1824 does not give this Court jurisdiction, in an original proceeding, to order a judge of a lower court to exercise his administrative duty.

The relator cites as authority for its position State v. Rayburn, 352 S.W.2d 357 (Tex.Civ.App.—Texarkana 1961), writ ref'd n.r.e. per curiam, 163 Tex. 450, 356 S.W.2d 774 (1962). That case is no authority for the proposition that we have original jurisdiction in these matters. There, the Court of Civil Appeals was exercising its appellate jurisdiction over an order rendered by the district court in a mandamus proceeding.

The relator also cites City of El Paso v. Ward, 213 S.W.2d 726 (Tex.Civ.App.—El Paso 1948, no writ). That case is in point, but it holds directly in opposition to rela-

tor's contention. The Court said, at page 727: " . . . this court is without power under Art. 1824 to compel the entry on the minutes of the county court by the judge and to coerce the order making the findings of the commissioners the judgment of the county court."

The petitions for writs of mandamus are, therefore, dismissed for want of jurisdiction.