

# THE ATTORNEY GENERAL
## OF TEXAS

February 01, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Charles D. Houston
District Attorney
155th Judicial District
One East Main
Bellville, Texas   77418

Opinion No.   JM-849

Re:  Whether amended Rule
45, Texas Rules of Civil
Procedure, is applicable to
criminal cases (RQ-1241)

Dear Mr. Houston:

You ask if Rule 45, Texas Rules of Civil Procedure, as amended by order of the Texas Supreme Court of July 15, 1987, effective January 1, 1988, is applicable to criminal cases.  Rule 45 as amended provides:

> Pleadings in the district and county courts shall
>
> (a) <u>be by petition and answer</u>;
>
> (b) consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense.  That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole;
>
> (c) contain any other matter which may be required by any law or rule authorizing or regulating any particular action or defense;
>
> (d) be in writing, <u>on paper measuring approximately 8½ inches by 11 inches</u>, signed by the party or his attorney, and be filed with the clerk.
>
> All pleadings shall be construed so as to do substantial justice.  (Emphasis added.)

You express the concern that there should be uniformity in the size of paper used for pleadings in civil and criminal cases, and your inquiry appears to be limited to section (d) of Rule 45. The underscored portion of that section was added by the 1987 supreme court order. See 50 Tex. B.J. 850, 852 (1987).

Section 22.004 of the Government Code (formerly article 1731a, V.T.C.S.) sets forth the authority of the supreme court to promulgate rules of procedure. It provides, in pertinent part, as follows:

> (a) <u>The supreme court has the full rulemaking power in the practice and procedure in civil actions</u>, except that its rule may not abridge, enlarge, or modify the substantive rights of a litigant.

> (b) The supreme court from time to time <u>may promulgate a specific rule or rules of civil procedure</u>, or an amendment or amendments to a specific rule or rules, to be effective at the time the supreme court deems expedient in the interest of a proper administration of justice. . . .

> (c) So that the supreme court has full rulemaking power in civil actions, a rule adopted by the supreme court repeals all conflicting laws and parts of laws governing <u>practice and procedure in civil actions, but substantive law is not repealed</u>. . . .

> (d) The rules of practice and procedure <u>in civil actions</u> shall be published in the official reports of the supreme court. The supreme court may adopt the method it deems expedient for the printing and distribution of the rules. (Emphasis added.)

See also Tex. Const. art. V, §25.

The Texas Supreme Court addressed the scope of its rulemaking power under article 1731a, V.T.C.S. (now section 22.004 of the Government Code) in Nunn v. New, 226 S.W.2d 116 (1950), stating:

> This court, in promulgating rules of civil procedure, was not attempting to prescribe rules for the government of any

procedure except that pertaining to judicial proceedings. It was acting under a statute which conferred upon it the authority to promulgate rules of practice and procedure in civil actions only. The Act conferring upon and relinquishing to this court full rule-making power, Acts of 46th Legislature, 1939, page 201, Vernon's Civil Statutes, art. 1731a, invested the court with full rule-making power in 'the practice and procedure in civil actions.' <u>In the first section of that Act the intent was expressed to confer upon this court full rule-making power in 'civil judicial proceedings</u>.' Acting upon the authority of that statute, this court, in Rule 2, defined the scope of the rules in this language: 'These rules shall govern the procedure in the justice, county, district, and appellate courts of the State of Texas in all actions of a civil nature, . . .'

> <u>This is an express limitation of the scope of the Rules of Civil Procedure to civil actions in courts</u>. The filing of a petition for the recall of city officials in a home rule city under the powers conferred in the charter of such city is not a civil action, and is, therefore, not regulated by the Rules. (Emphasis added.)

It appears that in promulgating the present Rule 45, the supreme court contemplated the construction of the court's rulemaking power set forth in <u>Nunn v. New</u>. Section (a) provides that pleading in the district and county court shall "be by petition and answer." Article 27.01, Code of Criminal Procedure, states: "The primary pleadings in a criminal action on the part of the State is the indictment or information." Article 27.02, Code of Criminal Procedure sets forth the defendant's pleadings, e.g., motion to set aside indictment, pleas of guilty, not guilty, nolo contendere, application for probation.

Rule 45, Texas Rules of Civil Procedure, as amended by order of the Texas Supreme Court of July 15, 1987, effective January 1, 1988, is not applicable to criminal cases.

## S U M M A R Y

Rule 45, Texas Rules of Civil Procedure, as amended by order of the Texas Supreme Court of July 15, 1987, effective January 1, 1988, is not applicable to criminal cases.

Very truly yours,

**J I M   M A T T O X**
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General