NO. 07-04-0298-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 2, 2004

_____

STEVEN CHARLES LANDRUM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2278; HONORABLE GORDON H. GREEN, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

A jury convicted appellant Steven Charles Landrum of theft and sentenced him to 15 years confinement. By one point of error, appellant contends the trial court erred in overruling his objection to the admission of business records via a custodian of records

affidavit because the State did not strictly comply with the filing deadlines prescribed by the Rules of Evidence. We affirm.

Between November of 1998 and March of 1999, appellant persuaded several individuals to invest in viatical settlements.[1] Instead of investing the victims' money, however, appellant spent the funds, amounting to more than $200,000, on various business and personal expenses. In March of 2004, the Bailey County Grand Jury indicted appellant for misapplication of fiduciary property and first degree felony theft. In anticipation of trial, the State, on April 7, 2004, filed with the District Clerk various bank records accompanied by custodian of records affidavits. At trial, which began on April 21, 2004, the State offered the records and supporting affidavits into evidence, and the trial court admitted them.

By his only point of error, appellant contends the trial court erred "in overruling [his] objections to the admission of evidence as a business record under Rule 902(10)[2] where the State did not strictly comply with the requirement that the affidavits and records be files [sic] at least fourteen (14) days prior to the commencement of trial." Specifically, he asserts the trial court should have excluded the records because, by his calculations, they had only

---

[1]A viatical settlement is an agreement by which the owner of a life insurance policy that covers a person who has a catastrophic or life-threatening illness receives compensation for less than the expected death benefit of the policy in return for a turning over of the death benefit or ownership of the policy to the other party. Merriam-Webster's Collegiate Dictionary, 1392 (11th ed. 2003).

[2]All references to rules are to the Texas Rules of Evidence, unless otherwise designated.

2

been on file with the clerk for 13[3] days before the start of trial. Appellant then summarily concludes that "the erroneously admitted records influenced the outcome in this matter."[4] We disagree.

The discrete question presented for our determination is whether the State's filing of the records with the Clerk on April 7, 2003 was timely for purposes of Rule 902(10). That rule authorizes the admission of business records and supporting affidavits if they "are filed with the clerk of the court for inclusion with the papers in the cause in which the record or records are sought to be used as evidence at least fourteen days prior to the day upon which trial of said cause commences, and provided the other parties to said cause are given prompt notice by the party filing same of the filing of such record or records and affidavit." Rule 902(10)(a). The State acknowledges that no rule squarely prescribes the

---

[3]Appellant does not favor us with an explanation of the method he utilized in reaching the conclusion that the records were only on file with the clerk for 13 days before trial. Neither does he refer us to any authority establishing the proper method for tabulating the minimum notice period contemplated by the rule. We presume from his argument, however, that appellant counts neither the day the records and affidavits were filed, nor the day on which the trial began.

[4]In reaching this conclusion, appellant cites Hernandez v. State, 939 S.W.2d 665, 668 (Tex.App.–El Paso 1996, pet. ref'd) for the proposition that "[c]ompliance with Rule 902(10) is mandatory." Appellant correctly attributes that statement to the *Hernandez* court; however, the El Paso court's opinion resolved a case that was factually distinguishable from the case at bar. The issue in *Hernandez* was whether the rule contemplated the admission of records and supporting affidavits filed in a cause number that was subsequently dismissed when the case was re-indicted under a new cause number. Furthermore, even assuming *Hernandez* controlled our decision here, we conclude, as the El Paso court did, that the erroneous admission of the records in violation of Rule 902(10) is, nonetheless, subject to a harm analysis. And, like the El Paso court, we find appellant was not harmed by the admission of the records.

3

method for the computation of time in criminal cases. It argues instead that Rule 902(10) should be implemented the same way in a criminal case as it is in a civil case since the rule is applicable to both types of proceedings. *See* Rule 101(b)(providing that "these rules govern civil and criminal proceedings . . . in all courts of Texas . . . "). The State then suggests that the proper method of computing time in a criminal case should be that prescribed by Rule of Civil Procedure four, which excludes "the day of the act, event, or default after which the designated period of time begins to run," but counts "the last day of the period so computed." Tex. R. Civ. P. 4. We decline to adopt the analysis propounded by the State.

First, we note that although Rule 902(10) provides that "[n]otice shall be deemed to have been promptly given if it is served in the manner contemplated by Rule of Civil Procedure 21a fourteen days prior to commencement of trial in said cause," it makes no reference to Rule of Civil Procedure four. Next, Rule of Civil Procedure four provides a method to compute time periods "prescribed or allowed by these rules, by order of court, or by any applicable statute." Because the Rules of Evidence are not statutes, Rule of Civil Procedure four, by its express terms, has no applicability to them. Third, before the adoption of the Rules of Evidence, the Business Records Act regulated the admission of business records into evidence in criminal and civil cases. Act of September 8, 1951, 52nd Leg., R.S., ch. 321, 1951 Tex. Gen. Laws 545, *repealed by* Texas Rules of Criminal Evidence, eff. Sept. 1, 1986; *see* Hodge v. State, 631 S.W.2d 754, 757 (Tex.Cr.App. 1982)(holding that the Business Records Act is applicable to criminal cases). Like the

4

current rule, the former statute made no reference to Rule of Civil Procedure four or its predecessor.

We are also persuaded that Rule of Civil Procedure four has no applicability to the resolution of the issue presented here because it requires the opposing party to respond to the filing. Rule of Civil Procedure four applies when an act is required or allowed to be done within a specified time. *See* State v. Rayburn, 352 S.W.2d 357, 360 (Tex.Civ.App.–Texarkanna 1961, writ ref'd n.r.e.). In contrast, unlike the discovery rules,[5] Rule 902(10) does not require that the other party respond in any way. Instead, where a party has established an adequate predicate or foundation for the admission of business records, they may be admitted as an exception to the hearsay rule. *See* Clayton v. State, 652 S.W.2d 950, 956 (Tex.Cr.App 1983), *cert. denied*, 464 U.S. 1046, 104 S.Ct. 719, 79 L.Ed.2d 181 (1984). That is, the State had the burden to prove each of the elements set out in Rule 902(10) to establish the foundation for the admission of the evidence. Johnson v. Brown, 560 S.W.2d 763, 764 (Tex.Civ.App–Eastland 1978, writ ref'd n.r.e). Under Rule 902(10), records are admissible under the business records exception to the hearsay rule if the records and accompanying custodian of records affidavit "are filed with the clerk of the court for inclusion with the papers in the cause in which the record or records are sought to be used as evidence, at least fourteen days prior to the day upon which trial of

---

[5]A party responding to interrogatories or requests for admissions must serve a written response on the requesting party within 30 days after service of the interrogatories. Tex. R. Civ. P. 197.2(a) & 198.2(a).

said cause commences *. . . .*" Because Rule 902(10) did not require appellant to do anything in response to the State's filing, we conclude that Rule of Civil Procedure four has no application to the question of whether the State met its burden of proof for the admission of the business records.

Having found Rule of Civil Procedure four to be inapplicable, we now address the appropriate method for determining whether the business records were timely filed with the clerk of the court at least fourteen days prior to the day upon which the trial commenced.[6] In answering that query, we note that an instrument is deemed filed when it is placed in the custody or control of the clerk. Standard Fire Ins. Co v. LaCoke, 585 S.W.2d 678, 681 (Tex. 1979); *see also* Jamar v. Patterson, 868 S.W.2d 318, 319, (Tex. 1993) ( reaffirming the directive that a document is filed when it is tendered to the clerk or otherwise put under the custody or control of the clerk) *and* Strawder v. Thomas, 846 S.W.2d 51, 58 (Tex.App.–Corpus Christi 1992, no pet.) (recognizing that an instrument is effective as filed when it has been received into the custody of the clerk of the court for filing). Such is the rule in both civil and criminal cases. *See* Birdwell v. State, 996 S.W.2d 381, 382 (Tex.App.–Houston [14 Dist.] 1999, pet. ref'd) (acknowledging that an instrument is deemed filed when it is left with the clerk, regardless of whether a file mark is placed on the instrument). Utilizing this edict, we conclude that the challenged records were filed for purposes of Rule 902(10) when they and their supporting affidavits were presented to the

---

[6]An amendment to the Texas Rules of Evidence or Rule 4 of the Texas Rules of Civil Procedure to promote uniformity of construction or application may be advisable.

court clerk on April 7, 2004. Then, counting the 7th as day one, the 8th as day two, and so on, we hold that day 14 was April 20, 2004. As a result, the records were filed with the clerk at least 14 days prior to the commencement of trial on April 21, 2004. Appellant's sole point of error is overruled.

Accordingly, the judgment is affirmed.


Don H. Reavis
Justice


Publish.