**CHEMICAL BANK, Appellant,**

v.

**COMMERCIAL INDUSTRIES SERVICE CO., INC., et al., Appellees.**

No. C14–82–731CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 15, 1983.

Rehearing Denied Jan. 12, 1984.

Wendell S. Loomis, Houston, for appellant.

S. Mitchell Glassman, Glassman & Glassman, Houston, for appellees.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

This is an action by the assignee of a lease agreement to collect monies allegedly due and owing by the lessee. At the close of plaintiff's (Appellant) case, defendants (Appellees) moved for an instructed verdict and it was granted by the trial court. We affirm.

Chemical Bank (Appellant) accepted from a third party lessor, as collateral for a loan, the assignment of an equipment lease agreement with Commercial Industries Service Co., Inc. (Appellee), as lessee. Russell Turner (Appellee), President of Commercial Industries, executed the lease agreement individually and doing business as Commercial Industries Service Co., Inc. Three years later Appellant sued Appellees for breach of the lease agreement, alleging that Appellees had failed to tender the monthly payments. Appellant attempted to introduce business records to prove its cause of action; however, the trial court sustained Appellees' objection that the records were inadmissible because they had not been filed with the court fourteen days before the commencement of trial as required by TEX.REV.CIV.STAT.ANN. art. 3737e (Vernon Supp.1982–1983). The records were filed on June 4, 1982; the case was assigned to the 11th District Court and the jury was selected on June 16, 1982; and the presentation of evidence began on June 17, 1982. Since Appellant had no witnesses or other evidence supporting its claim, the trial court granted Appellee's Motion for Instructed Verdict and entered a take nothing judgment. We affirm.

Appellant argues in point of error one that the requirement in article 3737e § 5, that business records be filed with the court at least fourteen days before trial commences, is not mandatory; rather, it is discretionary and designed solely to prevent unfair surprise and prejudice. Appellant further argues that the requirement in essence was met because Appellees were furnished a copy of the records before trial. Point of error two alleges the trial court erred in entering judgment against Appellant. We find no error.

Article 3737e § 5 states in pertinent part, "[a]ny record or set of records ... shall be admissible ... provided, further, that such record or records ... are filed with the clerk of the court ... at least fourteen (14) days prior to the day upon which trial of said cause Commences ..." We interpret this language, requiring that records be filed at least fourteen days before trial commences, as a condition precedent to the admission of such records.

We disagree with Appellant's assertion that in the absence of surprise of opposing counsel the fourteen day limit need not be met. The cases Appellant cites, *Tatum v. State,* 505 S.W.2d 548 (Tex.Cr.App.1974); *Wenk v. City National Bank,* 613 S.W.2d 345 (Tex.Civ.App.—Tyler 1981, no writ); *Black Lake Pipe Line Co. v. Union Construction Co.,* 538 S.W.2d 80 (Tex.1976); and *Martinez v. State,* 469 S.W.2d 185 (Tex.

Cr.App.1971), do not support its contentions. *Black Lake Pipe Line* dealt with summaries of voluminous records, *not* the fourteen day time limit. In *Wenk*, the records in question were filed more than fourteen days before trial commenced. Thus, the court did not construe article 3737e. Rather, it mentioned the fourteen day time limit was complied with. 613 S.W.2d at 348. *Martinez* dealt with TEX.REV.CIV. STAT.ANN. art. 3731a § 3 (Vernon Supp. 1982–1983), which states: "[s]uch writing [an official written instrument] shall be admissible only if the party offering it has delivered a copy thereof . . . to the adverse party a reasonable time before trial unless in the opinion of the trial court the adverse party has not been unfairly surprised by the failure to deliver such." In *Martinez,* the court noted that since no objection was made to the use of the document without giving the required notice, surprise could not be assumed. 469 S.W.2d at 187. The *Tatum* opinion does not clarify whether the court relied on article 3737e or article 3731a in overruling Appellant's ground of error. The court merely stated the records were not filed fourteen days prior to jury selection "as required by Arts. 3737e and 3731a . . ." and concluded that since Appellant was not surprised, no error was committed. The Court· of Criminal Appeals apparently equated the requirements of article 3737e with those of article 3731a. This we decline to do.

The legislature laced article 3737e § 5 with provisos which must be met before documents will be admitted. No where did the legislature mention avoiding unfair sur-prise to opposing counsel. Had it desired the fourteen day limit to be applied only if no unfair surprise occurred, it could have so provided, as it did in article 3731a. Instead of choosing that alternative, the legislature used words establishing three conditions precedent to the admission of business records. Absent such a clause, we cannot assume the legislature contemplated unfair surprise as a factor mitigating the fourteen day limit. The courts are bound to look to the intent of the legislature in construing statutes and to effectuate that intent. *Knight v. International Harvestor Credit Corp.,* 627 S.W.2d 382, 384 (Tex.1982).

We realize that in *Granviel v. State,* 552 S.W.2d 107 (Tex.Cr.App.1976), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977) (citing *Coulter v. State,* 494 S.W.2d 876 (Tex.Cr.App.1973)), a case not cited by either party, the court stated in dictum that the filing requirement of article 3737e should not be mechanistically applied. However, the *Coulter* case, upon which the court relied, dealt with the interpretation of trustworthiness of business records, not a filing deadline. We find, therefore, that the fourteen day filing deadline in article 3737e is mandatory.

We overrule Appellant's points of error and affirm the decision of the trial court.