**Jo Ann Schumann McCARLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00295–CR.**

Court of Appeals of Texas, San Antonio.

Jan. 25, 1989.

Charles Louis Roberts, El Paso, for appellant.

Thomas F. Lee, Dist. Atty., Del Rio, for appellee.

Before BUTTS, BIERY and CARR, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for theft. TEX.PENAL CODE ANN. § 31.03(a), (b)(1) and (e)(4)(A) (Vernon Supp. 1989). After a jury found appellant guilty, the court assessed punishment at five years' imprisonment.

The indictment against appellant contains 18 counts of theft, the cases being consolidated for trial pursuant to TEX.PENAL CODE ANN. §§ 3.01 (Vernon Supp. 1989) and 3.02 (Vernon 1974). The jury returned a guilty verdict on each count. *See* TEX.PENAL CODE ANN. § 3.03. The amounts charged in the indictment were aggregated in determining the grade of the offense pursuant to TEX.PENAL CODE ANN. § 31.09 (Vernon 1974).

Although seven points of error are listed, the content of appellant's brief fails to comply with the requirements of TEX.R. APP.P. 74 and 52(a). We will, however, discuss the arguments as we understand them to be.

■ Appellant appears to argue in the first point that the trial court should have granted a mistrial because of inflammatory publicity about the case during the trial. We first note that the trial judge pointed out that it was appellant's counsel who made statements to the newspaper reporter which created the situation and resulted in a headline.[1] Appellant did not file a motion

---

1. State says in its brief that the newspaper headline declared:

for mistrial. At appellant's request the jury was instructed to disregard the article. Since no motion for mistrial was before the trial court to rule on, this court has no ruling to review on appeal. TEX.R.APP.P. 52(a); *See Carrillo v. State*, 566 S.W.2d 902, 911–12 (Tex.Crim.App.1978) (concerning preservation of error for appellate review).

■ The one juror who admitted seeing the headline of the article was admonished by the court; therefore, appellant received the relief requested. The contention in the second point of error regarding that juror's exposure and resulting prejudice because of the newspaper article is not the same on appeal as the argument made at the motion for new trial. There, appellant attempted to show that the juror had a prior bias against appellant which was not revealed during voir dire examination. Appellant also tried to show the juror made certain prejudicial statements during jury deliberations. The foreman, however, testified that she did not do so. The court overruled the motion for new trial.

The error on appeal does not comport with the objection made at the hearing as to this juror. Error presented on appeal must be the same as the objection raised before the trial court. *Pennington v. State*, 697 S.W.2d 387, 390 (Tex.Crim.App. 1985) (citations omitted); *Guzmon v. State*, 697 S.W.2d 404, 411 (Tex.Crim.App.1985). The first two points of error are without merit.

Points of error three, four, and five are that hearsay affidavits were erroneously admitted which bolstered the testimony of witnesses. This is different from the trial objection, which was, generally, that a proper predicate for admission of business records was not made as to State's exhibits 109, 110, and 114.

■ When appellant entered a general objection to the business records being admitted, "No proper predicate," she failed to state specifically how the proper predicate had not been laid. *See* TEX.R.CRIM. EVID. 803(6), (7). A general objection is tantamount to no objection.

■ In any event, State's exhibit 114 was introduced during the examination of Walter Muelhause, field investigator for the Texas State Board of Insurance. He identified the exhibit as a computer printout copy of a certification of the licensing history of appellant, a State licensed local recording agent empowered by the Board to write insurance coverage to be provided by certain companies. The State properly qualified Muelhause for the introduction of the computer printout. The objection was a general one that the proper predicate had not been laid. Even if there had been a specific objection to one of the prongs of the predicate, we believe the trial court could correctly have overruled it.

■ Both State's exhibits 109 and 110 were admitted into evidence after the persons testifying identified them as insurance papers they had signed or those which were provided to them by appellant and her agency. The first was an application for automobile insurance coverage, and that person's payment had been retained by appellant but no insurance coverage provided. The second witness was a restaurant owner who failed to obtain coverage for his building, although appellant accepted payment for it and led him to believe that Great American Insurance Company was his insurer. His building was damaged in a hail storm, and he discovered that the insurance company had no record of his coverage.

The exhibits of the papers signed by the witnesses and those pertaining to their in-

"DEFENSE REVEALS DA ACCUSED SCHUMANN MCCARLEY OF JURY TAMPERING" The trial court inquired whether it should interrogate the jury to determine whether any juror had read the article, "and instruct them there was nothing in that article about anyone saying anything to any juror."
DEFENSE COUNSEL: I was prepared to make a motion for mistrial.

THE COURT: No, you can't make a motion for mistrial, because this is all what you told them … This all comes up with what … you talking with the press, and you can't do that.
DEFENSE COUNSEL: I never said anything about jury tampering, Your Honor.

surance dealings with appellant were clearly admissible. At trial, appellant made no specific objection to the attached affidavits of other persons, who were managerial custodians of the records, as hearsay. The complaint on appeal that the affidavits bolstered the witnesses' testimony does not comport with the trial objection of "no proper predicate." *See Guzmon v. State, supra.*

In addition, within the same points appellant maintains that the State failed to comply with the notice requirement set out in TEX.R.CRIM.EVID. 902(10)(a). That rule requires fourteen days notice to opposing parties of business records to be utilized during trial.

■ The first indictment against appellant was replaced by a second indictment. The complained-of documents were filed of record and made available on September 18, 1987. Acknowledgment of receipt of notice was noted on September 25, 1987. Trial began February 29, 1988. The documents, as well as other instruments in the cause, were simply file-marked with the new cause number. We agree with the trial court's analysis of this contention as merely "a question of form." The three points of error are without merit.

■ Appellant challenges the sufficiency of the evidence to support the conviction in the next two points of error. The evidence shows that appellant was an insurance agent in Del Rio, selling property/casualty insurance and automobile insurance. After receiving complaints, an insurance investigator from the State Board of Insurance conducted an investigation and appeared before the grand jury which indicted appellant. Several complaining witnesses testified that they made payments to appellant's agency and believed they had obtained coverage. However, they received no policy in spite of requesting one. Appellant offered an explanation that a sick employee was responsible for the non-coverage, and appellant had no knowledge of the mistakes. One employee, Joy Howell, testified that after she began working at the agency in December 1986, there were "a lot of problems ... a lot of complaining wit-

nesses." She testified that appellant told her to lie to one woman about her coverage. Then in March 1987 there was a hail storm which precipitated the discovery by clients that many of them did not have insurance coverage and never had. She said she was told to talk with these persons and that appellant refused to see them. She told about one claimant who found appellant hiding in the back of the office.

Howell testified that she learned that applications were not being properly taken and sent to the insurance companies, nor payment money being forwarded. People made application for insurance and paid money but this was never sent to the company. She said that appellant would type purported letters of cancellation and place them in certain files but not send them to clients. The evidence shows that appellant told one person he should have received that letter along with a check.

Matthew O'Neil testified that he was given "a little card" to show his cars were insured. The card showed his insurance company was American Indemnity. He paid $435.00 to the agency and was told he was insured until October 16, 1986. He could not get a policy, although he telephoned and went over to the office. One of his cars was damaged in a hail storm; that is when he learned he had no insurance coverage. He confronted the appellant, and she told him he should have received a letter and a check to show he did not have insurance. Then she wrote another application for him, dating it three hours before the hail storm. She told him not to worry as he was covered under a binder. Upon objection by appellant, the trial court permitted the testimony to be admitted as rebuttal testimony showing motive and intent. This was an extraneous offense. O'Neil confirmed that he never did receive any coverage.

Complaining witnesses named in the counts of the indictment, as well as others, testified at trial. The standard for reviewing the sufficiency of the evidence is to view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the

essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983).

In this case the jury found appellant guilty of 18 counts involving many complaining witnesses and, in count 19, aggregated the sums of money alleged in all the counts. The evidence is plain that many persons paid sums to appellant and her agency for some type of insurance coverage which they failed to receive. The evidence further shows that appellant instructed her employees what to tell the complainants and that she refused to discuss the problems with the clients. There was evidence of deliberate subterfuge regarding the filing of false letters of cancellation in certain files. There was evidence that appellant typed these letters.

Appellant's defense was that Sharon Fuller, an employee who became ill and left the agency, committed these acts, causing appellant to spend three to four months personally reviewing the files. It was only then, appellant said, that she discovered the applications which had not been processed and sent to insurance companies. However, the record discloses that several complaints originated before appellant said she reviewed the files.

Appellant's summary of the evidence points only to some minor discrepancies in the testimony of some complainants and other witnesses. Any inconsistencies or conflicts were all before the jury who were the judges of the facts, the credibility of the witnesses and the weight to be given to the testimony. The jury may believe some witnesses and refuse to believe others, and it may accept portions of the testimony of a witness and reject other portions. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim. App.1982) (citations omitted). Reconciliation of conflicts and contradictions in the evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction. *Id.*

Viewing the evidence in the light most favorable to the jury's verdict, as we are required to do, we conclude the evidence is sufficient to show proof beyond a reasonable doubt of the elements of the crime charged. Therefore, the evidence is sufficient to support the verdict. The points of error are overruled.

The judgment is affirmed.