**Eduardo Lalo HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–95–00049–CR.**

Court of Appeals of Texas, El Paso.

Nov. 7, 1996.

Rehearing Overruled March 19, 1997.

Charles Louis Roberts, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for State.

Before BARAJAS, C.J., and McCLURE, and CHEW, JJ.

## OPINION

McCLURE, Justice.

This is an appeal from a conviction for the offense of attempted murder. The jury convicted Appellant and sentenced him to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division. We affirm.

## SUMMARY OF THE EVIDENCE

On November 2, 1994, Appellant was indicted under cause number 76189 for the offense of attempted murder. The indictment alleged that on or about May 9, 1993, Appellant attempted to cause the death of the victim by shooting him with a firearm, and that he had used and exhibited a deadly weapon. Cause number 76189 was a reindictment of 70158 and an intermediate cause number, 72561. All three indictments alleged the same offense, varying only as to the manner and means by which the offense was committed.

On March 17, 1994, under cause number 70158, the State filed medical records accompanied by an affidavit from the custodian of records, along with a Notice of Filing of Medical Records, a copy of which the State mailed to defense counsel. These records were never filed in cause number 76189 after the reindictment. The trial below began on November 7, 1994, five days after the reindictment. Immediately before voir dire examination, the trial court granted, over Appellant's objection, the State's oral motion "to adopt all previous motions that have been filed in the old indictment, we'd offer in the new one, in particular the medical records that have been on file for several months."

## REQUIREMENTS OF SELF–AUTHENTICATION

In his sole point of error, Appellant alleges that the trial court erred when it admitted into evidence medical records from the complaining witness. He alleges that the records should have been excluded because the prosecutor failed to comply with TEX.R.CRIM. EVID. 902(10), which requires that such medical records and an authenticating affidavit be filed with the clerk of the court for inclusion in the record of the case at least fourteen days prior to trial.

■ TEX.R.CRIM.EVID. 803(6) provides for the admissibility of certain types of records as non-hearsay despite the availability of the declarant as a witness:

(6) **Records of Regularly Conducted Activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity, to make the memorandum, report, record, or data compilation, *all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10),* unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. 'Business' as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not. [Emphasis added].

It is important to note that Rule 803(6) designates the requirements of Rule 902(10) as an alternative to authentication by live testimony from a records' custodian. The proponent of business records must either introduce them through live testimony from a records' custodian, *or* satisfy the requirements of Rule 902(10), as a predicate to admissibility.

■ TEX.R.CRIM.EVID. 902(10)(a) provides the procedure required for admission of such self-authenticated medical records:

(10) **Business Records Accompanied by Affidavit.** (a) *Records or Photocopies; Admissibility; Affidavit; Filing.* Any record or set of records or photographically reproduced copies of such records, which would be admissible under Rule 803(6) or (7) shall be admissible in evidence in any court in this state upon the affidavit of the person who would otherwise provide the prerequisites of Rule 803(6) or (7), that such records attached to such affidavit were in fact so kept as required by Rule

803(6) or (7), *provided further, that such record or records along with such affidavit are filed with the clerk of the court for inclusion with the papers in the cause in which the record or records are sought to be used as evidence at least fourteen days prior to the day upon which trial of said cause commences, and provided the other parties to said cause are given prompt notice by the party filing same of the filing of such record or records and affidavit, which notice shall identify the name and employer, if any, of the person making the affidavit and such records shall be made available to the counsel for other parties to the action or litigation for inspection and copying.* The expense for copying shall be borne by the party, parties or persons who desire copies and not by the party or parties who file the records and serve notice of said filing, in compliance with this rule. *Notice shall be deemed to have been promptly given if it is served in the manner contemplated by Rule 21a, Texas Rules of Civil Procedure, fourteen days prior to commencement of trial in said cause.* [Emphasis added].

For a party seeking to introduce self-authenticating records as described in TEX.R.CRIM. EVID. 803(6) or (7), compliance with TEX. R.CRIM.EVID. 902(10)(a) is mandatory. The text of the rule makes it clear that filing with the clerk of the court for inclusion with the papers in the cause fourteen days prior to trial constitutes a requirement distinct from, and in addition to, the provision of notice to opposing counsel.

In *Chemical Bank v. Commercial Industries Service Co., Inc.*, 662 S.W.2d 802, 804 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.), the Houston Court of Appeals construed TEX.REV.CIV.STAT.ANN. art. 3737e (Vernon 1983), the civil evidence rule that preceded both the civil and criminal versions of the current Rule 902(10)(a). There the Court specifically addressed whether the fourteen-day filing and notice requirements were mandatory predicates to the admissibility of self-authenticating records, or were instead discretionary based on opposing counsel's ability to show a lack of notice resulting in unfair surprise. In construing the legislative intent underlying the filing and notice requirements, the Court reasoned:

> The legislature laced article 3737e Sec. 5 with provisos which must be met before documents will be admitted. No where did the legislature mention avoiding unfair surprise to opposing counsel. Had it desired the fourteen day limit to be applied only if no unfair surprise occurred, it could have so provided, as it did in article 3731(a).... Absent such a clause, we cannot assume the legislature contemplated unfair surprise as a factor mitigating the fourteen day limit. The courts are bound to look to the intent of the legislature in construing statutes and to effectuate that intent. [Citations omitted].

*Chemical Bank*, 662 S.W.2d at 804. The Court of Criminal Appeals has held that the requirements of TEX.REV.CIV.STAT.ANN. art. 3737e (Vernon 1983) apply to parties seeking to admit self-authenticating documents in criminal cases. *Coulter v. State*, 494 S.W.2d 876 (Tex.Crim.App.1973); *Granviel v. State*, 552 S.W.2d 107 (Tex.Crim.App.1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977). After September 1, 1986, the mandatory fourteen-day filing and notice provisions of TEX.REV.CIV.STAT.ANN. art. 3737e (Vernon 1983) became mandatory for criminal cases pursuant to TEX.R.CRIM. EVID. 902(10)(a).

■ In the present case, the State contends that the trial court did not err when it admitted the medical records because the very same records had been on file with notice to defense counsel since March 17, 1994, albeit under an earlier cause number. The State's Exhibit 5, first filed under the earlier cause number in March 1994, contains the contested medical records, the State's Notice of Filing of Medical Records and the affidavit of Monica Blancas, an employee of R.E. Thomason General Hospital, who attested in her affidavit that she was the custodian of medical records for the hospital and that the records attached to her affidavit fulfilled the conditions for admissible business records described in TEX.R.CRIM.EVID. 803(6). The Notice of Filing Medical Records contains a certificate of service reflecting that defense counsel at the trial level was served

with the notice on March 17, 1994. At trial, defense counsel acknowledged that he was familiar with the records in question, stating twice specifically that he had read the medical records. Nevertheless, Appellant insists that the fourteen-day filing and notice provisions of TEX.R.CRIM.EVID. 902(10)(a) apply to each iteration of a case involving the same defendant and similar facts, effectively to each *cause number.* We agree.

■ In order to argue that the State complied with the requirements of TEX.R.CRIM. EVID. 902(10)(a), the State mistakenly relies on evidence that defense counsel had notice of the State's intention to use the contested medical records: first, the fact that defense counsel had been notified under an earlier cause number approximately five months before trial; and, second, the fact that defense counsel acknowledged familiarity with the contested records in open court at the time of trial. As we have noted, however, the requirements of filing and notice are distinct in TEX.R.CRIM.EVID. 902(10)(a). The rule dictates that the fourteen-day filing requirement constitutes a mandatory predicate to the admissibility of self-authenticating records *in the cause in which the record or records are sought to be used as evidence.* The clear indications contained in the record that defense counsel had actual notice of the records under a prior cause number, and was familiar with them, indicate at most that the notice requirement of the rule may have been satisfied. We cannot say the same for the mandatory fourteen-day filing requirement.

The cases upon which the State relies fail to make this distinction. In *McCarley v. State,* 763 S.W.2d 630, 633 (Tex.App.—San Antonio 1989, no pet.), an insurance agent convicted of multiple counts of theft appealed the admission of papers pertaining to her allegedly fraudulent dealings on the basis that she was not provided notice fourteen days prior to trial as required by TEX. R.CRIM.EVID. 902(10)(a). The indictment under which the appellant was convicted had replaced an earlier indictment. The prosecution had filed the incriminating documents in the cause arising from the earlier indictment and had provided defense counsel with notice. Approximately five months later, the

trial began under the second indictment and cause number. Defense counsel acknowledged receipt of the notice regarding the incriminating documents. All documents filed under the old cause number were simply renumbered when the new indictment and cause number came into existence. Although the San Antonio Court of Appeals acknowledged that the documents should have been re-filed rather than simply renumbered, the court overruled Appellant's contention that the failure to fulfill the requirements of TEX.R.CRIM.EVID. 902(10)(a) with respect to a reindictment was tantamount to a failure to comply with the rule in a new case: "We agree with the trial court's analysis of this contention as merely 'a question of form.'" *McCarley,* 763 S.W.2d at 633. The *McCarley* Court premised its holding entirely on the fact that there had been actual notice to opposing counsel under an earlier cause number and therefore an absence of surprise, and ignored the fact that TEX.R.CRIM.EVID. 902(10)(a) requires filing with the court fourteen days prior to trial, quite apart from notice and *in the cause in which the record or records are sought to be used as evidence.*

We believe *Harris v. State,* 799 S.W.2d 348 (Tex.App.—Houston [14th Dist.] 1990, no pet.) similarly misconstrues TEX.R.CRIM.EVID. 902(10)(a). Harris alleged that the trial court had erred in admitting medical records although no notice of intent to introduce the records was given pursuant to TEX.R.CRIM. EVID. 902(10)(a). The record reflected that the cause number upon which Harris was tried and convicted—539273—was a reindictment of cause number 508551. In turn, 508551 had been a reindictment of cause number 505206. The indictments in all three cause numbers alleged that Harris had committed the same offense: the indictments in 539273 and 508551 both alleged aggravated kidnaping, the only difference being the manner and means by which the offense was committed. *Harris,* 799 S.W.2d at 350. The State filed business records along with an affidavit pursuant to TEX.R.CRIM.EVID. 902(10), but filed the records under one of the other two cause numbers. Harris' attorney received notice of this filing via certified mail, and defense counsel acknowledged that

he had received the notice under cause number 508551. The only objection raised at trial was that the notice was received in cause number 508551 instead of 539273. Defense counsel never objected that he did not receive timely notice. *Harris,* 799 S.W.2d at 350.

■ The *Harris* Court rejected what it characterized as a "formalistic" reading of TEX.R.CRIM.EVID. 902(10) that would exclude medical records on the basis of the fourteen-day requirement where the defendant clearly had notice of the records under an earlier cause number involving the same facts:

> Although the notice filed in 508551 technically should have been transferred to 539273 when the case was reindicted, we are at a loss to follow appellant's argument that the two indictments were somehow of a 'different' nature. Where a case is reindicted and records are filed in the initial case, appellant's contention as to lack of notice is merely 'a question of form' and should be overruled. *McCarley v. State,* 763 S.W.2d 630 (Tex.App.—San Antonio 1989, no pet.).

*Harris,* 799 S.W.2d at 350. In following *McCarley,* the Court in *Harris* overlooked the clear, mandatory requirement in the rule that the records in question be filed *in the cause in which the record or records are sought to be used as evidence.* It also blurred the distinct filing and notice requirements. *See Chemical Bank,* 662 S.W.2d at 804. The provisions of Rule 902(10) are intended as an alternative to live testimony from a records' custodian *as a predicate to admissibility.* In *Harris,* however, a medical records custodian also testified in court to verify the authenticity of the records in question pursuant to TEX.R.CRIM.EVID. 803(6) and (7) rendering self authentication under TEX.R.CRIM.EVID. 902(10) redundant. *Harris,* 799 S.W.2d at 350.

In the present case, there was no such live testimony at trial from a custodian of the medical records. As such, the evidentiary prerequisites for self-authentication applied without regard to the fact that defense counsel had received notice of the medical records in the earlier cause. The trial court therefore erred in admitting the records.

## HARM ANALYSIS

■ While Appellant has demonstrated that the trial court erred by violating TEX.R.CRIM.EVID. 902(10), a violation of this rule does not constitute reversible error unless the appellant can establish harm under TEX.R.APP.P. 81(b)(2). *Granviel v. State,* 552 S.W.2d at 121–22 (medical records in a capital murder case could be admitted as business records under TEX.REV.CIV.STAT.ANN. art. 3737e § 5, the predecessor statute to TEX.R.CRIM.EVID. 902(10)); *Cook v. State,* 720 S.W.2d 867, 869 (Tex.App.—Beaumont 1986, no pet.)(harm analysis is required when complaint is made of the admission of medical records in violation of the fourteen-day requirement in TEX.R.CRIM.EVID. 902(10)). Appellant contends that the admission of the medical records was harmful because these records provided evidence of the range at which the victim was shot. According to Appellant, this evidence was critical and served to establish that Appellant, rather than another suspect, fired the shot. However, in addition to the testimony concerning the disputed medical records, Deputy Sheriff James Reuter of the El Paso County Sheriff's Department testified as to the distance from which the victim was shot. First, Reuter testified that he discovered only one shotgun shell which was found approximately ten to fifteen feet from where the victim had been shot. Second, he testified that both the pattern of shotgun pellets on the victim's body and a blemish on the body from the wadding of the shotgun shell were consistent with a short-range blast. On the basis of Reuter's ten years' experience as a law enforcement officer, the trial court accepted the witness as an expert with a knowledge of shotguns superior to that of a layperson.

Moreover, Appellant's assertion that the erroneous admission of medical records caused him harm rests on the false assumption that the issue of shooting distance alone served to distinguish Appellant from the other purported suspect as the assailant. The record reflects that the evidence implicating Appellant did not consist solely of testimony concerning the respective distances between the victim and Appellant on the one hand,

and between the victim and the other suspect on the other. To cite one example, an eyewitness identified Appellant as the assailant. Three other eyewitnesses positively identified Appellant as matching the physical description of the assailant. We conclude that the disputed medical records were not the only evidence pointing to Appellant as the triggerman, nor did they constitute the sole evidence establishing that the victim was shot at short range. As a result, we find pursuant to TEX.R.APP.P. 81(b)(2) that the erroneous admission of the medical records in violation of TEX.R.CRIM.EVID. 902(10) was harmless. Appellant's sole point of error is overruled and the judgment is affirmed.