

# NUMBERS 13-14-00090-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JASON HAROLD HARDING,                               **Appellant,**

**v.**

THE STATE OF TEXAS,                                   **Appellee.**

### On appeal from the County Court at Law No. 6
### of Travis County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion by Justice Perkes[1]

Appellant Jason Harold Harding appeals his conviction of driving while intoxicated

("DWI"), a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Third Court of Appeals in Austin. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

through 2015 R.S.). A jury found appellant guilty, and the trial court sentenced him to forty-five days in the sheriff's weekender alternative program. By two issues, appellant contends the trial court erred by: (1) denying a requested jury instruction; and (2) admitting appellant's medical records over multiple objections. We affirm.

## I. BACKGROUND

Around 2:20 a.m., Officer Gilbert Caraballo with the Austin Police Department responded to a call concerning an automobile accident. Upon arriving at the scene, Officer Caraballo observed appellant near his vehicle. Appellant informed Officer Caraballo that his vehicle had collided with the curb. Officer Caraballo observed that the right front wheel "was completely broken off the axle" of the car. After noting that appellant had slurred speech, glassy eyes, and a heavy odor of alcohol, Officer Caraballo called for a DWI officer to investigate. Officer Brian Richter responded a few minutes later and made contact with appellant. Appellant informed Officer Richter that he "drove up on the curb." Appellant stated he had been at two bars that night, and had consumed two beers and two shots of liquor. Officer Richter smelled a strong odor of alcohol on appellant's breath. Based on Officer Richter's observations, he decided to administer three field sobriety tests: horizontal gaze nystagmus ("HGN"); walk and turn; and one leg stand.

The HGN test required that Officer Richter hold a stimulus in front of appellant's field of vision to determine whether appellant's eyes exhibited nystagmus, or "involuntary jerking in the eyes"—an indicator of intoxication. Officer Richter estimated that he held the stimulus eighteen inches from appellant's face during the test. On cross

2

examination, Officer Richter acknowledged that the proper distance to hold the stimulus may be twelve to fifteen inches. While administering the HGN test, Richter observed three out of three clues of intoxication in both eyes.

Next, Officer Richter administered the walk and turn test, observing six out of eight clues of intoxication. When Officer Richter asked appellant to perform the one leg stand test, appellant refused. Officer Richter then placed appellant under arrest for DWI. Before transporting appellant to the county jail, Officer Richter requested a breath sample, which appellant also refused. Upon arrival at the jail, the jail nurse determined that appellant had an elevated heart rate and instructed Officer Richter to drive appellant to the hospital.

While at the hospital, appellant was uncooperative with both Officer Richter and the hospital personnel. Officer Richter had to physically restrain appellant to his bed because he refused instructions to remain in his bed. A nurse asked Officer Richter whether appellant had used cocaine due to his behavior.

The jury viewed video from Officer Richter's patrol car depicting the field sobriety tests, and video of appellant inside the patrol car. On the video, appellant states "apparently, I f–ked up," and directs several antagonizing comments to Officer Richter, such as questioning whether he had any friends in high school. Officer Richter testified that, upon arrival at the jail, appellant "was asking questions along the lines of, again, was I bullied in high school. Started asking questions about my wife and kids. Telling me my wife would eventually leave me. Just honestly becoming more and more of a jerk." Officer Richter stated appellant exhibited a similar attitude toward the jail nurse.

3

The trial court admitted appellant's medical records over objections, but sustained appellant's objection to any evidence concerning his alleged assault of Officer Richter.[2] The medical records reflected several diagnoses, including tachycardia (a rapid heart rate), anxiety reaction, and alcohol intoxication. The records also reflected a "differential" diagnosis of "meth cocaine," although appellant's urine toxicology report was negative for presence of any narcotics. No blood tests were performed at the hospital to detect the presence of alcohol.

## II. JURY INSTRUCTION

By his first issue, appellant argues the trial court erred in not allowing a jury instruction on the reliability of the HGN test. Specifically, appellant contends that the HGN test was not performed properly; therefore, he was entitled to a jury instruction "regarding the weight to be given this evidence." We disagree.

### A. Standard of Review and Applicable Law

We review the trial court's decision not to include a defensive issue in the jury charge for an abuse of discretion. *See Love v. State*, 199 S.W.3d 447, 455 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000)). The trial court must provide the jury with "a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West, Westlaw through 2015 R.S.); *see*

---

[2] By way of offer of proof, Officer Richter testified that appellant punched him in the face while he was at the hospital.

4

*Walters v. State*, 247 S.W.3d 204, 208 (Tex. Crim. App. 2007). The trial court is required to instruct the jury on statutory defenses, affirmative defenses, and justifications whenever they are raised by the evidence. TEX. PENAL CODE ANN. §§ 2.03(d), 2.04(d); *Walters*, 247 S.W.3d at 208–09. A defendant is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks the testimony is not worthy of belief. *Walters*, 247 S.W.3d at 209.

Neither the defendant nor the State is entitled to a special jury instruction relating to a statutory offense or defense if that instruction: (1) is not grounded in the Texas Penal Code; (2) is covered by the general charge to the jury; and (3) focuses the jury's attention on a specific type of evidence that may support an element of an offense or a defense. *Id.* at 212. In such a case, the non-statutory instruction would constitute a prohibited comment on the weight of the evidence. *Id.* Special, non-statutory instructions, even when they relate to statutory offenses or defenses, generally have no place in the jury charge. *Id.* at 211.

## B. Analysis

Appellant's counsel framed the requested instruction to the trial court as follows: "if the jury believes [the HGN test] was not performed pursuant to standardized field sobriety tests that they can take that into consideration in the weight of the evidence." We conclude that such an instruction would constitute an improper comment on the weight of the evidence pursuant to the criteria set out in *Walters*.

First, the requested instruction is not a defense grounded in the Texas Penal Code. Second, the charge of the court properly instructed the jury that they were the exclusive judge of the credibility of witnesses and the weight to be given their testimony. Appellant's counsel was able to address the weight to be given the HGN test during closing argument, when she argued the following:

> So on the Horizontal Gaze Nystagmus test, he admits to a couple of things. He says "Well, I always hold the stimulus – in this case, the light pen -- or pen light, rather -- 18 inches in front of the suspect's nose." Well, he had to admit that, actually, the standardization is 12 to 15 inches. The difference between 12 inches and 18 inches is half a foot. That is more than 50 percent of the standardization. 50 percent. Junk in, junk out. You cannot rely on any of those test results.

Third, the requested instruction impermissibly focuses the jury's attention on specific evidence—the HGN test—supporting an element of the charged offense of DWI—intoxication.[3] Therefore, the trial court did not abuse its discretion in refusing to submit the requested instruction to the jury. *See O'Connell v. State*, 17 S.W.3d 746, 749 (Tex. App.—Austin 2000, no pet.) (holding jury instruction stating HGN test is reliable indicator of intoxication was improper comment on weight of the evidence).

We overrule Appellant's first issue.

### III. MEDICAL RECORDS

By his second issue, appellant argues that the trial court abused its discretion in admitting his medical records from his stay at the hospital shortly following his arrest. Specifically, appellant contends the trial court erred in overruling his objections on the

---

[3] A person commits a DWI offense "if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West, Westlaw through 2015 R.S.).

6

following grounds: untimely filing of the records; relevance; notice of extraneous offenses; inadmissible character evidence; hearsay within hearsay; and the Confrontation Clause. *See* TEX. R. EVID. 401–404, 805, 902; U.S. CONST. amend. VI.

## A. Standard of Review

We review a trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *Walker v. State*, 321 S.W.3d 18, 22 (Tex. App.—Houston [1st Dist.] 2009, pet. dism'd). We will uphold the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Tillman*, 354 S.W.3d at 435; *Walker*, 321 S.W.3d at 22. If the trial court's evidentiary ruling is reasonably supported by the record and correct on any theory of applicable law, we will uphold the decision. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Tarley v. State*, 420 S.W.3d 204, 206 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).

## B. Rule 902(10)

We first address appellant's argument that the State did not timely file his medical records pursuant to Texas Rule of Evidence 902(10). *See* TEX. R. EVID. 902(10).

### 1. Pertinent Facts

The State indicted appellant for the offenses of DWI and assault causing bodily injury in relation to the alleged assault of Officer Richter at the hospital. *See* TEX. PENAL CODE ANN. § 22.01. The trial court denied the State's motion to consolidate the two causes. On November 6, 2013, the State filed a "Notice of Filing Medical Records and Medical Reports" in the assault cause along with appellant's medical records and an

7

affidavit of the hospital's custodian of records. On November 21, 2013, the day of trial, the State brought an oral motion to file the medical records in the DWI cause. The trial court overruled appellant's objection that the records were untimely filed under rule 902(10).

### 2. Applicable Law

Texas Rule of Evidence 803(6) provides an exception from the rule excluding hearsay for business records:

> made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

TEX. R. EVID. 803(6).[4] The witness does not need to have personal knowledge of the facts contained within the business records; the witness need only have personal knowledge of how the records were prepared, in order to be able to attest to the conditions laid out in Rule 803(6). *See* TEX. R. EVID. 902(10)(a); *In re E.A.K.*, 192 S.W.3d 133, 142 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Rule 902(10) provides:

> Any record or set of records or photographically reproduced copies of such records, which would be admissible [as a business record] under Rule 803(6) . . . shall be admissible in evidence in any court in this state upon the affidavit of the person who would otherwise provide the prerequisites of Rule 803(6) . . . that such records attached to such affidavit were in fact so kept as required by Rule 803(6) . . . *provided further, that such record or records along with such affidavit are filed with the clerk of the court for*

---

[4] Rule 803 was amended, effective April 1, 2015, as part of the general restyling of the Texas Rules of Evidence "to make [them] more easily understood and to make style and terminology consistent throughout." *See* 78 Tex. B.J. 374, 377 (Tex. & Tex. Crim. App. 2015). This case was tried prior to the amendment to this rule.

*inclusion with the papers in the cause in which the record or records are sought to be used as evidence at least fourteen days prior to the day upon which trial of said cause commences*, and provided the other parties to said cause are given prompt notice by the party filing same of the filing of such record or records and affidavit, which notice shall identify the name and employer, if any, of the person making the affidavit and such records shall be made available to the counsel for other parties to the action or litigation for inspection and copying.

TEX. R. EVID. 902(10) (emphasis added).[5]

### 3.  Analysis

Absent live testimony from a custodian of the medical records, the State was required to comply with the evidentiary prerequisites for self-authentication. Rule 902(10) "dictates that the fourteen-day filing requirement constitutes a mandatory predicate to the admissibility of self-authenticating records *in the cause in which the record or records are sought to be used as evidence*." *Hernandez v. State*, 939 S.W.2d 665, 669 (Tex. App.—El Paso, 1996, pet. ref'd) (emphasis in original). The provisions of the rule are intended as an alternative to live testimony from a records' custodian as a predicate to admissibility. *Id.* at 670.

The State filed appellant's medical records in the assault cause fifteen days before the commencement of the DWI trial, but never filed the records in the DWI cause. Rule 902(10) clearly provides that the fourteen-day filing requirement constitutes a requirement distinct from the provision of notice to opposing counsel. The requirement is satisfied only when the records are filed in the cause in which the records are sought to be used as evidence. *See id.* at 669 (concluding trial court erred in admitting medical records

---

[5] Rule 902(10) was amended during the pendency of this appeal. *See* Tex. Sup. Ct. Misc. Docket No. 14–9080 (amending Rule 902(10) effective Sept. 1, 2014). The amendments, however, have no retroactive effect.

that were filed in earlier cause number before reindictment on same charge).   By failing to timely file the records in the DWI cause, the State did not satisfy the rule's fourteen-day filing requirement.   The trial court therefore abused its discretion in admitting appellant's medical records.

## C.   Harm Analysis

A violation of rule 902(10) does not constitute reversible error unless the appellant can establish harm.   *Id.*   Error in the admission of evidence is non-constitutional error. *See* TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011); *Jabari v. State*, 273 S.W.3d 745, 754 (Tex. App.—Houston [1st Dist.] 2008, no pet.).   We disregard any non-constitutional error that does not affect a defendant's substantial rights. *Id.*   "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict."   *Jabari*, 273 S.W.3d at 754 (citing *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000)).   We should not reverse a conviction for non-constitutional error if, after examining the record as whole, we have "fair assurance that the error did not influence the jury, or had but a slight effect."   *See id.* at 754 (citing *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

In making this determination, we consider the entire record, including any testimony and physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case.   *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005); *Motilla v. State*, 78 S.W.3d 352, 355–56 (Tex. Crim. App. 2002).   The weight of evidence of the defendant's guilt is relevant in conducting the

harm analysis under rule 44.2(b). *Neal v. State*, 256 S.W.3d 264, 285 (Tex. Crim. App. 2008); *Motilla*, 78 S.W.3d at 356–57. We may also consider the closing statements and voir dire, jury instructions, the State's theory, any defensive theories, and whether the State emphasized the alleged error. *Motilla*, 78 S.W.3d at 355–56.

After examining the record as a whole, we are fairly assured the error did not have a substantial and injurious effect or influence in determining appellant's conviction. *See Jabari*, 273 S.W.3d at 754. Appellant primarily complains of the references in the medical records to a diagnosis of "alcohol intoxication" and a differential diagnosis of "cocaine/meth." However, the medical records also contained a "urine toxicology" report showing that appellant tested negative for the presence of a controlled substance, including amphetamines and cocaine. The State did not present a theory at trial that appellant was under the influence of cocaine or methamphetamines.

The State did emphasize the reference to alcohol intoxication in its closing argument. However, there was extensive evidence apart from those records of appellant's intoxication, including: (1) appellant's admission to Officer Richter that he was driving the vehicle and had consumed two beers and two shots of liquor before leaving a bar earlier that morning; (2) observations by officers that appellant had glassy eyes, slurred speech, and a heavy odor of alcohol on his breath;[6] (3) the collision of appellant's vehicle with the curb causing the right front wheel to completely break off the

---

[6] *See Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010) (recognizing evidence raising inference of intoxication includes post-driving behavior such as stumbling, swaying, slurring or mumbling words, and bloodshot eyes); *Cotton v. State*, 686 S.W.2d 140, 142–43 & 142 n. 3 (Tex. Crim. App. 1985) (identifying characteristics that may constitute evidence of intoxication to include slurred speech, bloodshot eyes, unsteady balance, staggering gait, and the odor of alcohol on the person or his breath).

axle;[7] (4) appellant's failure of two field sobriety tests; (5) appellant's refusal to perform the one leg stand test and to submit a breath sample;[8] (6) video of appellant in the patrol car in which he states "apparently, I f–ked up," and directs antagonizing comments toward Officer Richter; and (7) appellant's uncooperative demeanor with hospital staff and the jail nurse.

Likewise, a trial court's error in admitting evidence is harmless error when similar facts are proved by properly admitted evidence. *See Bourque v. State*, 156 S.W.3d 675, 676–77 (Tex. App.—Dallas 2005, pet. ref'd) (concluding that even if therapist's testimony was not admissible as hearsay exception under Texas Rule of Evidence 803(4), any error was harmless because considerable, substantially-similar evidence was presented during trial); *see also Duncan v. State*, 95 S.W.3d 669, 672 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (concluding that improper admission of outcry testimony was harmless because similar testimony was admitted through complainant, pediatrician, and medical records). Officer Richter testified without objection that the nurse repeatedly asked if appellant was using cocaine, because "[h]is behavior was consistent with that." Officer Richter also testified without objection that appellant was diagnosed as having an "anxiety reaction and alcohol intoxication."

---

[7] *See Kirsch*, 306 S.W.3d at 745 (recognizing evidence raising inference of intoxication includes erratic driving).

[8] *See Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) (recognizing defendant's refusal to submit to breath test is relevant to show consciousness of guilt); *Barraza v. State*, 733 S.W.2d 379, 381 (Tex. App.—Corpus Christi 1987), *aff'd*, 790 S.W.2d 654 (Tex. Crim.App.1990) (holding there is no significant difference between refusal to take field-sobriety test and refusal to perform breath test for evidentiary purposes); *see also* TEX. TRANSP. CODE ANN. § 724.061 (West, Westlaw through 2015 R.S.) ("A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether the refusal was express or the result of an intentional failure to give the specimen, may be introduced into evidence at the person's trial.").

For the foregoing reasons, we conclude the admission of the medical records was harmless.

## D. Remaining Non-Constitutional Objections

Appellant also raises the following non-constitutional objections to the admissibility of the medical records:    relevance; notice of extraneous offenses; inadmissible character evidence; and hearsay within hearsay.    Admitting evidence in violation of a rule of evidence is considered non-constitutional error.    *See Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).    Having concluded admission of the medical records was harmless error, we need not address the merits of appellant's remaining objections.    *See Coleman v. State*, 188 S.W.3d 708, 726 (Tex. App.—Tyler 2005, pet. ref'd) ("We need not explore other theories of admissibility because we agree with the State's alternative argument that the error, if any, committed by the trial court in admitting the evidence was harmless."); *see also Musachia v. State*, No. 14-02-00314-CR, 2003 WL 21229557, at *8 (Tex. App.—Houston [14th Dist.] May 29, 2003, pet. ref'd) (mem. op., not designated for publication) (concluding that challenge to admissibility of evidence under Texas Rule of Evidence 403 need not be addressed where admission of evidence was determined to be harmless error).

## E. Confrontation Clause

Appellant also contends that the admission of the medical records violated the Confrontation Clause.    U.S. CONST. amend. VI.    Error in admitting evidence in violation of the Confrontation Clause is constitutional error subject to a harm analysis under Rule

13

44.2(a) of the Texas Rules of Appellate Procedure.[9]  Tᴇx. R. Aᴘᴘ. P. 44.2(a); *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010).   Appellant preserved his claim of constitutional error by raising his Confrontation Clause objection before the trial court. Therefore, we must address the merits of this evidentiary challenge separately.

"Under the Confrontation Clause of the Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, 'in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.'"  *Burch v. State*, 401 S.W.3d 634, 636 (Tex. Crim. App. 2013) (quoting *Pointer v. Texas*, 380 U.S. 400, 403 (1965)).   We address a Confrontation Clause challenge using a two-part test:   (1) whether the defendant had a prior opportunity to cross-examine the absent declarant, and (2) whether the statement at issue is testimonial in nature.   *Crawford v. Washington*, 541 U.S. 36, 59 (2004); *Coronado v. State*, 351 S.W.3d 315, 323 (Tex. Crim. App. 2011).

The United States Supreme Court has described the class of testimonial statements covered by the Confrontation Clause as follows:

> Various formulations of this core class of testimonial statements exist:   ex parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; statements that were made under circumstances which would lead an objective witness

---

[9] Rule of Appellate Procedure 44.2(a) requires reversal where there is constitutional error "unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tᴇx. R. Aᴘᴘ. P. 44.2(a). This standard "should ultimately serve to vindicate the integrity of the fact-finding process rather than simply looking to the justifiability of the fact-finder's result."  *Snowden v. State*, 353 S.W.3d 815, 820 (Tex. Crim. App. 2011).

14

reasonably to believe that the statement would be available for use at a later trial.

*Crawford*, 541 U.S. at 51–52 (internal quotation marks and citations omitted).

Appellant argues that "[t]he doctors, nurses and other medical personnel [who created entries in the medical records] were witnesses for purposes of the Confrontation Clause." We disagree.

Business records are generally not testimonial because they are created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial. *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009). Likewise, medical records created for treatment purposes are not testimonial. *See id.* at 312 n. 2 (noting that "medical reports created for treatment purposes ... would not be testimonial under our decision today"); *Berkley v. State*, 298 S.W.3d 712, 715 (Tex. App.—San Antonio 2009, pet. ref'd) (holding medical records non-testimonial); *see also Smith v. State*, No. 05–09–01408–CR, 2011 WL 3278528, at *2 (Tex. App.—Dallas Aug. 2, 2011, pet. ref'd) (mem. op., not designated for publication) (same). The medical records reflect the hospital staff's diagnosis and treatment of appellant who was admitted with an elevated heart rate. We find no statements in the medical records that would constitute testimonial statements as defined by *Crawford*, and appellant has failed to identify any such statement. We conclude the medical records at issue were created for treatment purposes and are not testimonial. Therefore, the admission of the records did not violate the Confrontation Clause.

**F. Summary**

The trial court abused its discretion in admitting the medical records over appellant's Rule 902(10) objection. *See Hernandez*, 939 S.W.2d at 669. However, we conclude that the admission of the medical records was harmless error. We also conclude that the medical records are not testimonial in nature. Therefore, the admission of the records did not violate the Confrontation Clause. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of October, 2015.

16