NOS. 12-02-00360-CR


 12-02-00361-CR

 12-02-00362-CR

 12-02-00363-CR

 12-02-00364-CR

 12-02-00365-CR


IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DONALD WAYNE LINDLEY,
§
 APPEAL FROM THE 8TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HOPKINS COUNTY, TEXAS

 

MEMORANDUM OPINION


 Donald Wayne Lindley pleaded guilty to six counts of delivery of a controlled substance. 
The jury assessed punishment at three terms of ninety years of imprisonment, two terms of ninety-nine years of imprisonment, and one term of twenty years and a $5,000.00 fine. In one issue
applicable to each case, Appellant contends the trial court allowed an improper question on cross-examination. We affirm five of the judgments. We modify one judgment to reflect the sentence
assessed by the jury, and affirm as modified.


Background

 On cross-examination of Appellant, the prosecutor asked: "Didn't you think that was bad? 
It's bad enough you sell dope. But to sell dope next to a school where kids are do you think that's
a little bit worse?" Counsel for the defense lodged an objection, stating: "In this situation there's no
evidence been introduced in the record that any dope was sold to children at a school." The
prosecutor responded, "I'm not alleging anything like that." The trial judge then commented, "I'll
sustain if that were the statement, but I don't believe that was it." The prosecutor clarified, "The
statement was selling dope in an area where the school is next door." Appellant answered, "Yeah,
I think that's bad, sir."

 Earlier, also during cross-examination of Appellant, he described the locations of his three
drug suppliers. He explained that someone named Willie supplied the crack cocaine for the first two
drug sales to the undercover officer. He said that Willie lived in an apartment complex on Calvert
Street, next to the school. On direct examination of Matthew Hooper, the undercover officer who
made five of the six buys involved here, the officer explained that he first met Appellant at a city
park. He explained that the park has playground equipment and basketball courts and that "children
often go there." He then explained the location of the first two drug buys. He and Appellant went
to an apartment complex on Calvert Street, right next to the intermediate school. No objections were
made to any of these references to the school or children playing in the park.


Issue Presented

 In his sole issue, Appellant asserts the trial court erred by allowing the State to imply that he
was selling drugs to school children. Appellant argues that, in light of the absence of any evidence
that he actually sold drugs to children, the prosecutor's reference to a school, made during cross-examination of Appellant, was made merely to inflame the minds of the jurors so they would give
him a greater sentence.


Discussion

 First, we note that Appellant's objection misinterpreted the prosecutor's question. The
prosecutor asked Appellant if he thought it was bad to sell drugs near an area where children are. 
He did not ask if the drugs were being sold to children, or imply that they were. Further, the
objection was vague. A specific objection is required to inform the trial judge of the basis of the
objection. Young v. State, 820 S.W.2d 180, 185 (Tex. App.-Dallas 1991, pet. ref'd). A general
objection is tantamount to no objection. McCarley v. State, 763 S.W.2d 630, 632 (Tex. App.-San
Antonio 1989, no pet.). 

 The trial court's comment indicates it realized the complaint had no merit. However, the
court never ruled on the objection. As soon as the prosecutor clarified his question, Appellant
answered without waiting for a ruling. In order to preserve alleged error, the complaining party must
obtain an adverse ruling from the trial court. Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim.
App. 1991). Additionally, both Appellant and Officer Hooper had testified, without objection, that
two of the offenses occurred at an apartment complex next door to a school. Officer Hooper also
testified that he and Appellant met in a park where children play. Error is defaulted when the same
evidence is presented elsewhere without objection. Nenno v. State, 970 S.W.2d 549, 563 (Tex.
Crim. App. 1998).

 Nonetheless, we determine that the prosecutor's question was relevant and not improper. The
question at issue arose during cross-examination of Appellant at the sentencing phase of his trial. A
witness may be cross-examined on any matter relevant to any issue in the case. Tex. R. Evid.
611(b). Whether the sale of illegal drugs takes place in isolation or where innocent bystanders,
particularly children, might be affected is a factor the jury might legitimately consider when
determining the appropriate sentence to assess a drug dealer. The State is allowed to argue to the
jury that they may protect the community by assessing a lengthy prison sentence. Tejerina v. State,
786 S.W.2d 508, 513 (Tex. App.-Corpus Christi 1990, pet. ref'd). It is common knowledge that the
possession and sale of narcotics near a school threatens the health and safety of the children. United
States v. Crew, 916 F.2d 980, 983 (5th Cir. 1990) (recognizing that any drug-related activity in the
vicinity of a school endangers children). The State's interest in protecting children has led to passage
of a statute allowing enhanced penalties for drug-related offenses committed near school property. 
See Tex. Health & Safety Code Ann. § 481.134 (Vernon 2003). In asking the complained-of
question, the State was indicating to the jury that it should consider the safety of any nearby children
when assessing Appellant's punishment. We conclude it is permissible to allow the jury to hear the
defendant agree that it is "bad" for him to sell drugs near a school. We overrule Appellant's sole
issue.

Conclusion

 Our review of the record reveals that the judgment in trial court cause number 9915453 does
not reflect the sentence assessed by the jury. The jury assessed a sentence of twenty years and a
$5000.00 fine in cause number 9915453, while the judgment indicates a ninety-year term of
imprisonment together with a $5000.00 fine. Where the formal judgment does not reflect the jury's
verdict as to punishment, the appellate court has authority to modify the lower court's judgment by
correcting it when it has the necessary information before it. Tex. R. App. P. 43.2(b); Stokes v. State,
688 S.W.2d 539, 542 (Tex. Crim. App. 1985). We hereby modify the judgment in cause number
9915453 to reflect a sentence of twenty years of imprisonment and a $5000.00 fine. As modified,
the judgment in cause number 9915453 is affirmed. We also affirm the trial court's judgments in
each of the five other causes before us.

 

 SAM GRIFFITH 

 Justice



Opinion delivered August 27, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.







(DO NOT PUBLISH)